PHILIP H. MOORE and Another, as Administrators, etc., of BARBARA C. RIKERT, Deceased, Respondents, *v.* THE HANOVER FIRE INSURANCE COMPANY of the City of New York, Appellant, Impleaded with MAGGIE P. C. SMITH.

*Fire insurance on mortgaged premises — waiver of conditions of the policy — proofs of loss.*

A fire insurance policy on mortgaged premises, issued to the mortgagor and payable to the mortgagee in case of loss, contained a condition that, unless otherwise provided by agreement indorsed on the policy, it should be void if, with the knowledge of the insured, foreclosure proceedings were commenced or notice of sale given of any property covered by the policy by virtue of any mortgage, and that in case of a fire the insured must make proof of loss within sixty days.

The mortgagee commenced foreclosure proceedings and served the papers on the insured; an agent of the insurance company was informed of the fact, and agreed that the proceedings might be commenced without injuring the policy, but no agreement was indorsed on the policy. Thereafter the insured building was destroyed by fire, and there being a deficiency on the foreclosure, the mortgagee sued the insurance company on the policy.

The insured refused, without just cause, to make out proofs of loss, and thereupon the mortgagee made them out and served them on the company more than sixty days after the fire; the proofs were rejected, not because not served in time, but because not made by the insured.

*Held,* that the facts established a waiver of the conditions as to the time of service of proofs of loss, and as to the indorsement on the policy of the agreement that the foreclosure should not affect the policy.

*Held,* also, that, under the circumstances, service of proofs of loss by the mortgagee, instead of the insured, was good.

APPEAL by the defendant, the Hanover Fire Insurance Company of the city of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of Dutchess county on the 30th day of July, 1892, upon a decision of the court rendered after a trial by the court at Special Term.

The action was brought to recover, under a policy of insurance, "loss, if any, payable to Barbara C. Rickert, mortgagee, as interest may appear," the deficiency on a mortgage foreclosure sale.

*A. T. Clearwater*, for the appellant.

*Esselstyn & McCarty*, for the respondents.

PRATT, J.:

The plaintiffs, Moore et al., administrators of the mortgagee of the insured premises, sue on defendant's policy of fire insurance issued to Smith, covering, among other things, a dwelling house on the mortgaged premises, $1,500, loss, if any, payable to the mortgagee.

The policy contained a condition that (unless otherwise provided by agreement indorsed on the policy) it should be void "if, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale, of any property covered by this policy by virtue of any mortgage or trust deed." If any fire occurred, the insured was to give immediate notice to the company and make proof of loss within sixty days after the fire.

The mortgagee commenced foreclosure proceedings August 17, 1891; the papers were served on the insured on that day. An agent of the defendant was informed of the fact and agreed that the proceedings might be commenced without injuring the policy. It did not appear what the extent of the agent's authority was, but the fact was that no agreement of waiver was indorsed on the policy.

Again, the building was destroyed by fire October 23, 1891, and the assured (Smith), without just cause, refused to sign the proofs of loss, and thereupon the plaintiff made them out and sent them to the company on December 26, 1891, which was the sixty-first day after the fire. The case shows no complicity between the assured and the company in her refusal to sign the proofs. There was a deficiency on the foreclosure.

I find no difficulty with the failure to furnish proofs of loss within the sixty days. They were sent to and received by the company. It did not reject them because they were not served in time. On the contrary, it did specify the objection that the assured had not made the proofs of loss herself. This would seem to indicate a waiver of the mere matter of time.

I think we are justified in holding a similar rule respecting the failure of the agent to indorse the agreement about foreclosure proceedings on the policy. The proof is clear that he *said* and orally agreed that the policy should stand, notwithstanding the proceedings instituted. Then when the notice and proofs were served, they were not rejected because the policy had become void. On the contrary, they were retained, and the company contented itself with merely "calling attention" to this clause of the policy, without stating that it would stand on that objection. Instead of standing there, they apparently selected their ground, which was that the assured had not herself made the proofs of loss. I think we are, therefore, justified in holding that these objections were waived, and that the case stood as though they were without foundation.

In respect to the remaining objection we shall hold that the proofs of loss were well served by the plaintiffs. This assured refused to make the proofs of loss unless she was paid for it. There was no ground for her refusal. She ought to have signed the proofs, but she, without cause, refused, simply to induce plaintiff to pay money to her or her lawyer. Without attempting to characterize such conduct further than to say that it was a fraudulent attempt to obtain money, we hold that, under all the circumstances, the real beneficiaries of this policy made the best proof which they were able to furnish. The fact that the loss was payable to the mortgagee furnishes a strong reason inducing us to hold that, in face of this fraudulent refusal to do her duty, the real beneficiary was justified in making the proof.

We, therefore, though not without some hesitation, affirm this judgment, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.