stances of the case. The relator at that time was sick and disabled from injuries received in the discharge of his duties. Whether he would ever be able to resume those duties was uncertain, and so, we take it, the resolution was simply tantamount to a request to the commissioner of public works that, whether the relator was able to perform his duties or not, he should be nevertheless continued on the pay roll of the department for at least six months. There was nothing in terms limiting his employment to six months' time, in case he was able before the expiration of that time to resume the duties of his position.

If we look to the release itself, we find nothing in it either expressly or inferentially releasing the relator's claim or right to the position itself. He may, and probably did, release his right to demand pay from August 1, 1909, to December 1, 1909, but that is as far as the release can fairly be said to go, except to also and particularly release the claim for personal injuries received in the accident.

[3, 4] There is still another, and we think a most conclusive argument against the contention of respondent's counsel. The consideration for the release, if any existed, was the assurance and agreement that the relator should be continued on the pay roll of the department, and technically in the employ of the city. Can it be contended that the city or any one else had the right to insist on the release, and at the same time repudiate the only consideration supporting the release? Surely such a position cannot be sustained.

The position to which the relator was appointed has not been filled by any other permanent appointment. The present occupant is only filling the position as a temporary appointee.

We are clearly of the opinion that the relator is entitled to the writ asked, with costs of the proceeding. So ordered.

---

McDOWELL v. ST. PAUL FIRE & MARINE INS. CO. et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1911.)

INSURANCE (§ 537*)—FIRE INSURANCE—PROOF OF LOSS—"INSURED."

　　Under a fire policy issued to the owner of the property, providing "loss, if any, first payable to M., mortgagee, as his interest may appear," requiring proof of loss by "the insured," such proof by the mortgagee, the owner refusing to make it, and the amount of the mortgage exceeding that of the policy, is sufficient.

　　[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1324–1326; Dec. Dig. § 537.*

　　For other definitions, see Words and Phrases, vol. 4, p. 3681.]

　　Houghton, J., dissenting.

Appeal from Special Term, Ulster County.

Action by John McDowell against the St. Paul Fire & Marine Insurance Company and Max Cohen. From a judgment for defendants on a decision after a trial by the court, a jury having been waived, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

John R. De Vany, for appellant.
William D. Murray, for respondents.

SEWELL, J.   This action was brought upon a policy of insurance for $1,000, issued January 5, 1910, to the defendant Max Cohen, upon a building in Centerville, Sullivan county, which was damaged by fire February 2, 1910, to the amount of $3,661.38.   At the time the policy was issued the plaintiff was the owner of a mortgage upon the property to secure the payment of $4,000.   The policy contained the statement:   "Loss, if any, first payable to John McDowell, mortgagee,. as his interest may appear."   The policy provides, among other things, that, if a fire occurs, the insured shall give immediate notice of any loss thereby in writing to this company, make a complete inventory of the property, stating the cost and the amount claimed, and within 60 days after the fire shall render a statement, signed and sworn to by the insured, stating certain other specific matters.   The policy also provides that the loss should be payable 60 days after service of the proof of loss.   The insured having refused to make proof of loss, the plaintiff on the 12th day of March, 1910, made and delivered to the defendant the proofs required by the policy.   Attached to the proof was the affidavit of the plaintiff, in which he stated that he had "attempted to pursuade Max Cohen, the owner of said property, to make and file the proofs of loss, but said Max Cohen refused so to do, and deponent is obliged to file them as mortgagee."   The proofs were rejected upon the ground that they were not made by the insured as required by the policy.

The court found that there was no contract of insurance between the plaintiff and the insurance company, that the plaintiff was not entitled to recover against the defendant, and directed judgment dismissing the complaint.

The single question presented for decision upon this appeal is whether the proofs of loss furnished by the plaintiff were a sufficient compliance with the terms of the policy to enable him to maintain this action.

The case of Armstrong v. Agricultural Ins. Co., 56 Hun, 399, 79 N. Y. Supp. 873, sustains the contention of the appellant that a mortgagee to whom a policy of insurance issued to the owner of the mortgaged premises is payable as his interest may appear is the party "assured" within the meaning of the policy.   The court there said:

"The present policy insures the mortgagee's interest.   The loss is payable to the mortgagee 'as interest may appear.'   These words are significant.   The contract is not to pay the mortgagee the sum insured, but to pay the mortgagee's interest only.   *   *   *   There can be no question but that the plaintiff was an independent contractor for his insurable interest as mortgagee by this contract."

These views were also expressed in Moore v. Hanover Fire Ins. Co., 71 Hun, 199, 24 N. Y. Supp. 507, where the owner refused to make out proofs of loss, and thereupon the mortgagee made and sent them to the company.

It is true that these cases were reversed by the Court of Appeals, but the reversal in each case was upon the ground that the policy was void for a condition broken prior to the loss. Nothing which is contained in the opinions of the Court of Appeals in these cases is in conflict with the conclusion that a service of proofs of loss by the mortgagee, instead of the owner where he refuses to make them, is good. In Cornell v. Le Roy, 9 Wend. 163, the Court of Appeals held that a mortgagee to whom a policy had been assigned as collateral security may well be considered "the assured" within the meaning of a clause requiring "that all persons insured by the company, and sustaining loss, or damage by fire, are forthwith to give notice thereof to the agent."

It needs no argument to show that the language of the mortgagee clause inserted in the policy indicates that the contract·was not made on the sole account of the owner, that the plaintiff was in the minds of the parties·when it was made, and that they intended that the policy should cover and protect his interest in the property as well as that of the owner of the equity of redemption. The plaintiff is named in the policy as the owner of an interest in the property intended to be covered by it, and is one of the persons for whose benefit the insurance was obtained. He had an insurable interest in the property by reason of his mortgage,·which was actually insured. It was the owner's buildings, and the plaintiff's interest therein which were embraced in the policy. I therefore think that the plaintiff was occupying the position of "the insured" under the defendant's policy, and that he was entitled to furnish the proofs of loss, which was a condition precedent to his right of action, and to the assertion of any claim upon the policy.

It follows that the judgment should be reversed and a new trial granted, ·with costs to abide the event.

SMITH, P. J., and KELLOGG and BETTS, JJ., concur.

HOUGHTON, J. (dissenting). Had there been attached to the policy in question the regular "mortgage clause" providing that any act or neglect of the mortgagor or owner should not invalidate the policy as to the mortgagee, it would have been unnecessary for the plaintiff to furnish proofs of loss or prove that the owner had done so. Heilbrunn v. German Alliance Insurance Company, 140 App. Div. 557, 125 N. Y. Supp. 374. The reason why the mortgagee would not be obliged to furnish proofs of loss in such a case is that the mortgage clause attached to the policy constitutes a new and independent contract between the insurance company and the mortgagee by which no proof of loss was required to be furnished. Where, however, the mortgage clause is not attached, and the policy is issued to the mortgagor with loss, if any, payable to the mortgagee as his interest may appear, the entire contract is with the mortgagor, and not with the mortgagee or.to them separately; and, although the mortgagee may maintain an action in case of loss, he can do so only where the mortgagor could recover in case he had not appointed a mortgagee to receive the money. This principle is enunciated in many cases from the Buffalo Steam Engine Works v. Sun Mutual Insurance Company,

17 N. Y. 401, to Lewis v. Guardian Fire & Life Assurance Company, 181 N. Y. 392, 74 N. E. 224, 106 Am. St. Rep. 557.

It is true that in Armstrong v. Agricultural Insurance Company, 130 N. Y. 560, 29 N. E. 991, reversing 56 Hun, 399, 9 N. Y. Supp. 873, and Moore v. H. F. Insurance Company, 141 N. Y. 219, 36 N. E. 191, reversing 71 Hun, 199, 24 N. Y. Supp. 507, and kindred cases, the policy had been forfeited by some act of the mortgagor prior to the sustaining of the loss and because of which it was held that the mortgagee could not recover.

I can find no decision holding that where there has been no forfeiture of the policy prior to the fire that the voluntary failure or refusal of the mortgagor to furnish proofs of loss defeats recovery by the mortgagee appointed to receive the money in case a loss shall occur, but upon principle it seems to me that such must be the effect. The mortgagee in the absence of a mortgage clause, being a mere appointee to receive the money in case of loss, and not being otherwise a party to the contract of insurance, must depend for his right of recovery upon the right of the mortgagor to recover, with whom the contract of insurance is made.

In the present case, by the express stipulation of the contract, the mortgagor could not recover unless he furnished proofs of loss within a specified time. The mortgagor is the insured, and there is no provision in the policy that the appointee to receive the money may furnish proofs of loss on his own account or on behalf of the insured. The complaint alleges that the plaintiff and the insured performed all the conditions of the policy required to compel the defendant to pay the loss, but on the trial it was conceded that the mortgagor, the insured, refused to make proofs of loss, and that the proofs made by the plaintiff were returned by the defendant with a statement that they were insufficient, and not in accordance with the requirements of the policy. If the insured had deliberately set fire to the buildings, or had violated any of the conditions of the policy prior to the occurring of the fire, concededly the plaintiff could not recover. The contract being with the mortgagor, and he being the person insured, it seems to me that the same result must follow when the insured refuses to make proof of loss. The making of proofs of loss is a condition precedent to recovery, and the policy specifying who shall make such proofs, and not giving the plaintiff any right to make them in his own behalf or in behalf of the insured, it follows that no right of recovery exists.

I therefore vote for an affirmance of the judgment.