ALEXANDER ARMSTRONG, RESPONDENT, *v.* AGRICUL-
TURAL INSURANCE COMPANY OF WATERTOWN,
NEW YORK, APPELLANT.

*Insurance — mortgagee, to whom the loss is payable to the extent of his mortgage
interest, is the party " assured" — evidence of waiver of a condition.*

A mortgagee, to whom a policy of insurance issued to the owner of the mortgaged
premises is made payable as his interest may appear, is the party " assured "
within the meaning of a provision of the policy that the " assured " shall deliver
the preliminary loss statement to the company in case of loss.

He is an independent contractor for his insurable interest as mortgagee.

What evidence establishes a waiver of a provision of an insurance policy to
the effect that the mortgage shall not be foreclosed without the consent of the
company, considered.

APPEAL by the defendant, the Agricultural Insurance Company
of Watertown, N. Y., from a judgment, entered in the office of the
clerk of the county of Westchester on the 26th day of August, 1889,
after a trial before the court in Kings county, at which it was
adjudged that the plaintiff recover of the defendant the sum
of $2,155.65.

The action was brought to recover upon a policy of insurance
issued by the defendant, the Agricultural Insurance Company, to
the defendant Daniel Brown, on certain buildings, which policy
contained an indorsement as follows : " Loss, if any, first payable to
Alexander Armstrong, mortgagee, as interest may appear."

*A. H. Sawyer*, for the appellant.

*Edward G. Halsey* and *David W. Travis*, for the respondent.

BARNARD, P. J. :

The plaintiff holds a mortgage upon certain lands in Westchester
county. There was a dwelling-house thereon, and the defendant
issued a policy to the owner of the land, " loss, if any, first payable
to Alexander Armstrong, mortgagee, as interest may appear." The
mortgage was for $4,500, and was wholly unpaid. The dwelling-
house burned down, and the first question is as to the preliminary loss
papers. The condition accompanying the policy provides that the
" assured " shall deliver the preliminary loss statement to the com-

pany in case of loss.   The owner refused to make them out when requested to do so by the plaintiff, and plaintiff did thereupon make them out.   Is the plaintiff the assured within the meaning of the policy?   In the absence of any adjudged case, it seems plain that the plaintiff is the assured.   The loss, if any, is payable to him only, and a destruction of the insured property impairs his security.

He has an insurable interest, and this form of policy is issued to protect that interest.   The owner had no interest in the property as the case shows that the foreclosure sale resulted in a large deficiency judgment against the owner.   The adjudged cases recognize the plaintiff as the owner.   A mortgagee who held a policy by assignment was held to be the assured in *Cornell* v. *Le Roy* (9 Wend., 163).   The Court of Appeals held, a policy with a clause, that the loss was payable to mortgagee, and that the interest of the mortgagee should not be invalidated by owner's neglect, made the mortgagee the assured by an independent contract.   (*Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y., 141.)

The case of *Heilmann* v. *Westchester Fire Insurance Company* (75 N. Y., 7) has no relevancy to the question.   The case decides that an election to rebuild was given to the company, and that the owner was the proper plaintiff for a breach of the option to rebuild, although the loss on the policy was payable to a mortgagee.   The replacement of the building burned would protect the mortgagee's interest.   The case of *Grosvenor* v. *The Atlantic Fire Insurance Company* (17 N. Y., 391) is not in conflict with the claim of the plaintiff to be the assured.   The case only decides that a policy insuring an owner, with loss payable to a mortgagee, was rendered null if the owner sold the property without the consent of the company according to a condition annexed that such sale should destroy the policy.   The policy in that case was held only to insure the owner, with power to pay the mortgagee what was due the owner. The present policy insures the mortgagee's interest.   The loss is payable to the mortgagee "as interest may appear."   These words are significant.   The contract is not to pay the mortgagee the sum insured, but to pay the mortgagee's interest only.   Whether the owner would have any claim against the company or the mortgagee, beyond paying what was due on the mortgage, is questionable. However that may be, there can be no question but that the plain-

tiff was an independent contractor for his insurable interest as mortgagee by this contract.

The policy contains a condition that if the mortgage be foreclosed without the consent of the company, the policy shall be void. This condition was broken by a foreclosure without such consent. The trial court has found a waiver of the condition, and this presents a question of fact as to the sufficiency of the evidence to support the finding. The foreclosure was commenced January 6, 1888, and a decree obtained February 4, 1888. On the 2d of February, 1888, the plaintiff's attorney in the foreclosure sale wrote a letter to the company announcing the pendency of the same and asking for a written consent. The company made no answer to the letter. On the 10th of February, 1888, the dwelling-house burned down. Notice of loss was at once given and the company made no objection to the loss papers, except that the statement of loss was not made by the assured. The general agent of the company, who had his office in New York, wrote to the local agent at Peekskill on the same day he received the letter of 2d of February, 1888. The local agent was not at home and made no reply. As has been stated the company made none. The local agent denies the receipt of the letter by him until after the fire. I think the evidence shows a receipt of the letter as early as the 4th or 5th of February, 1888, by the local agent. The local agent after the fire said that it was all right, the plaintiff would get his money. This evidence seems to show either a waiver of the condition or a neglect to refuse the consent, as promptly as the occasion demanded, whereby the plaintiff was deprived of all power to protect himself by a new insurance in case of refusal. The finding of the trial judge should, therefore, be sustained. (*Titus* v. *Glens Falls Insurance Company*, 81 N. Y., 410.)

The judgment is, therefore, right and should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.