MORTGAGEE AFFILIATES CORP., Respondent, *v.* COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK et al., Appellants, et al., Defendant.

Second Department, January 16, 1967.

*Herman B. Zipser* (*Bernard Meyerson* of counsel), for appellants.

*David Kashman* for respondent.

CHRIST, Acting P. J.   We are presented with one narrow issue for determination in this appeal.   Shall the complaint of the plaintiff mortgagee, suing on fire insurance policies covering the mortgaged real property, be dismissed for the mortgagee's refusal to comply with the standard fire insurance provision, contained in each of these policies, requiring an insured to " submit to examinations under oath   *   *   *   and   *   *   *: produce for examination all books of account, bills, invoices and other vouchers ''?   The third defense pleaded in the defendant insurers' joint answer raises this issue; the court at Special Term denied the insurers' motion for summary judgment seeking to dismiss the complaint; and the insurers have appealed.

The insurers admitted by their answer that each had issued a fire insurance policy with respect to the insured premises. The complaint alleges a fire loss of $22,000 and seeks recovery under the respective policies in favor of the mortgagee, which claims a principal balance due of $14,043.68.   The insured owner did not join the mortgagee as a plaintiff; he was named a defendant, but was not served with process; and he has not appeared.

We find no previous ruling on this precise question.   However, the following language in the majority opinion of *Syracuse Sav. Bank* v. *Yorkshire Ins. Co.* (301 N. Y. 403, 407) is helpful: '' It is well settled in this and most other States that a mortgagee clause in a standard form policy creates an *independent* insurance of the mortgagee's interest just as if he had received a separate policy from the company but without any inconsistent or repugnant conditions imposed upon the owner and free from invalidation by the latter's ' act or neglect '.''   The court, though divided 4 to 3, held that the mortgagee was entitled to notice of and opportunity to participate in any appraisal to fix the value of the loss.   No such right was given in the mortgagee clause and appeared only in the standard policy provisions.   Judge FULD, in a separate concurring opinion, noted that the selection-of-appraisers provision in the standard fire insurance policy, restricting the selection right to the insured owner and the insurer, did not contemplate an insured mortgagee interest. Nevertheless, he found it reasonable to construe the benefits of that provision as available to anyone with an insured interest in the proceeds of the policy.   The approach of the dissent was strict and technical.   It argued that, since the standard mortgagee clause contained no express right of participation for the

mortgagee, he should not have it under the standard policy provision.

Under the concept of a separate insurance coverage, the mortgagee is insulated from prejudicial acts by the insured owner. In such case, however, the insurer is obligated to pay the mortgagee's loss, all other requirements being satisfied. This being so, the insured mortgagee is clothed with responsibilities as well as benefits. He should, when he is the claimant and beneficiary, meet the minimal safeguards contained in the standard fire insurance policy, designed to protect the insurer from fraudulent and erroneous loss payments. The requirement for examination under oath and disclosure of pertinent records is such a safeguard and it applies to a mortgagee.

The plaintiff mortgagee does present a technical, but arguable point. It has been held that "conditions contained in the standard form of fire insurance policy are applicable alike to mortgagee and mortgagor, *except as other provisions relating to the interest and obligations of such mortgagee are added by agreement in writing*" (*Hessian Hills Country Club* v. *Home Ins. Co.*, 262 N. Y. 189, 201 [emphasis added]). However, the rule announced in *Hessian Hills* (*supra*) was promulgated to define the rights of a mortgagee when there was no mortgagee clause. This is not the case before us. Here, there is a mortgagee clause and, since the mortgagee is the claimant, it is being required to extend the same kind of assistance to the insurers that would be required of the insured owner were he prosecuting a claim against the defendant companies. The *Hessian Hills* case, when applied fairly and reasonably, does not preclude this holding. Moreover, the later pronouncements in *Syracuse Sav. Bank* (*supra*) point to this rule of reason in construing the clauses of the standard policy with the mortgagee clause.

Thus, we reach the conclusion that when there is an added writing, like a standard mortgagee clause, defining rights and obligations of a mortgagee, not all the provisions of the standard fire insurance policy are thereby excluded from application to him. Only those which may be inconsistent, conflicting or superfluous may be so excluded. After all, the mortgagee clause is only engrafted on the standard fire insurance policy which is still the primary controlling instrument.

Plaintiff has risked dismissal of its complaint by refusing to comply with the standard policy provision requiring disclosure (see *Happy Hank Auction Co.* v. *American Eagle Fire Ins. Co.*, 286 App. Div. 505, mod. 1 N Y 2d 534). Our holding is that plaintiff is contractually bound by the disclosure provision in

the policies and no suit or action is " sustainable " unless there be compliance therewith.

Accordingly, the order appealed from should be reversed, with $30 costs and disbursements, and the appealing defendants' motion for summary judgment dismissing the complaint granted, unless, within 20 days after entry of the order hereon, plaintiff shall comply with the policy provisions at issue.

BRENNAN, RABIN, HOPKINS and BENJAMIN, JJ., concur.

Order of Supreme Court, Kings County, dated August 18, 1966, reversed, with $30 costs and disbursements, and the appealing defendants' motion for summary judgment granted, unless, within 20 days after entry of order hereon, plaintiff shall comply with the policy provisions at issue.