Carmine A. Ventiera, J.
Defendants, other than Cantor and Weiss, (hereinafter referred to as defendant insurance companies) by this motion seek an order granting summary judgment in their favor on the ground that the plaintiff is not named in, has no interest in, and has no right to obtain a reformation *277 of defendant insurance companies’ policies of insurance issued to the individual defendant Irving Weiss, and on the further ground that even if plaintiff were entitled to reformation, he cannot recover because a judgment has been entered in an action brought by the insured (defendant Irving Weiss) against the defendant insurance companies wherein it was . determined that they were not liable for the property damage which is the subject of this action.
Plaintiff’s complaint alleges that on June 30, 1962, the plaintiff, owner of a bowling alley, sold all the fixtures and equipment and all his right, title and interest in said bowling alley to the defendant Irving Weiss; that as part of the consideration for this purchase the defendant Weiss executed and delivered to the plaintiff promissory notes, secured by a chattel mortgage; the chattel mortgage contained the following provision: “ AND IT IS EXPRESSLY AGREED, that the Mortgagor shall and will keep the said mortgaged goods and chattels insured against loss and damage by fire, by insurers, and in an amount approved by the Mortgagee and assign the policy and certificates thereof to the Mortgagee ”; that on the closing of the transaction the defendant Weiss caused the policies, which had previously been issued by defendant companies Insurance Company of North America, Hanover Insurance Company, and New York Underwriters Insurance Company, to the plaintiff seller, to be transferred to his (Weiss) name; that thereafter, defendant Weiss applied for, and defendant companies Royal Insurance Company, Hartford Fire Insurance Company, Ohio Farmers Insurance Company, Federal Insurance Company, and Manhattan Casualty Company, issued to him additional policies.
The complaint further alleges that on the 25th day of February, 1963, a fire occurred and the goods and chattels covered by the afore-mentioned policies were destroyed; that at that time there was $45,500 due on the notes executed by defendant Weiss; that thereafter, plaintiff obtained a judgment against Weiss in the Supreme Court, Nassau County, on April 3, 1963, in the sum of $46,436 as a result of Weiss’ breach in the payment of said notes; that said Weiss has commenced an action against the defendant insurance carriers. Plaintiff demands judgment ‘ ‘ 1. That the aforementioned fire insurance policies in the name of the defendant Irving Weiss are subject to reformation so as to include the name of the plaintiff as chattel mortgagee to the extent of his interest in said premises ” (emphasis supplied) ; 2. that upon reformation defendant insurance carriers are to pay plaintiff the sum of $46,436; 3. that plaintiff be granted an equitable lien on any and all proceeds that may be *278 paid or promised to defendant Irving Weiss to the extent of plaintiff’s interest in the amount of his judgment, and that said Weiss be estopped from taking any further action against the defendant insurance companies except for any amount over and above the equitable lien to the extent of $46,436.
The defendant insurance companies’ answer, aside from admissions that each of the policies originally issued to plaintiff seller was indorsed on July 11,1962, to indicate that the interest of plaintiff as owner having ceased, title to the property described in said policies was vested in defendant Weiss as owner, and that the other policies in question were issued to the defendant Weiss after the sale, consists of denials and the following defenses: Plaintiff’s lack of interest in any of the policies issued by the defendant companies, arson, false swearing and fraudulent proofs of loss.
The policies in suit all contained the following provision: “ This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.”
The record indicates further that the defendant Weiss, sometime after the destruction of the insured chattels, instituted an action against the defendant insurance companies on the same policies of insurance for the same loss and arising out of the same fire involved in this action. The defendant companies in that action asserted the same affirmative defenses (with the exception of lack of interest defense) as are asserted in the answer in this action. In May of this year this action by the defendant Weiss was tried before a jury. The jury found for the defendant insurance companies on the false swearing and fraudulent proofs of loss defenses, and a judgment dismissing the complaint upon the merits was duly entered. A subsequent notice of appeal was dismissed for lack of prosecution.
It is apparent from the pleadings, affidavits and documentary evidence submitted on this motion that defendant insurance companies are entitled to the relief prayed for. The complaint does not state a cause of action for the reformation plaintiff seeks. He gives no basis therefor and has failed to establish any interest in the policies in suit. Plaintiff’s complaint is predicated solely upon a covenant in a chattel mortgage to which only the plaintiff and the defendant Weiss were parties, wherein and whereby defendant Weiss agreed to keep the chattels sold to bim by the plaintiff insured against damage by fire and to *279 assign the policies to him, the plaintiff. There was no provision in said agreement that defendant Weiss would include the name of the plaintiff 1 ‘ as chattel mortgagee to the extent of his interest.” The defendant did insure the chattels, but he did not assign the policies. Plaintiff’s cause of action, if any, insofar as this breach is concerned, is against defendant Weiss. Plaintiff ’s affidavit submitted in opposition to the instant motion consists only of a reiteration of the allegations in the complaint and the assertions that the three policies originally issued to him while he was still owner of the chattels are still in his possession; that“ At the time of the sale to Mr. Weiss, my broker was Leroy Millard, doing business as Lehman-Millard Insurance Company, Rockville Centre, New York. In October of 1962, after I had discovered that I was not named as the chattel mortgagee in the policies which were to be transferred from me to Mr. Weiss, and prior to the loss, I notified Mr. Millard that I was the chattel mortgagee. However, in spite of conversations, correspondence and pleas from me during the following months, neither my attorney at that time nor Mr. Millard ever effectuated the designation of me as chattel mortgagee. Nonetheless, Mr. Millard knew that this was a fact and the attorneys who represented Mr. Weiss as well as me were also fully aware of these circumstances. Lehman-Millard Insurance Company was the agent of the defendant carriers and as such they had knowledge of my interest as chattel mortgagee.”; and that ‘1 Mr. Millard, who was the agent on three policies totaling $35,000.00, was aware of the sale and change of ownership in June, 1962, and consequently, in October, 1962, was fully aware that I was entitled to be named as chattel mortgagee, not only on these policies but on all other policies to be issued to Mr. Weiss.”
These allegations, which for the most part are strictly conclusory, are insufficient to establish a cause of action for reformation of a contract to which the plaintiff was not a party and do not create a triable issue. Plaintiff does not charge defendant insurance companies with any mistake, misrepresentation or having done any act which estops them from denying liability. The mere fact that a certain individual was plaintiff’s broker and also an agent for three of the defendant insurance companies at the time of the sale to defendant Weiss in June of 1962, and was advised by plaintiff in October of 1962 (four months after the policies had been transferred to Weiss) that plaintiff was a chattel mortgagee does not of itself impute knowledge to the insurance company, nor can this court see how such knowledge on behalf of the broker, agent or defendant *280 companies could establish any right on plaintiff’s part to have the policies amended so as to provide for a loss of interest clause payable to him without a request from the insured Weiss. Without such a request the companies had no authority to so do. It is also to be noted that plaintiff at no time has clearly asserted that he at any time had asked of or directed defendant Weiss, the broker, agent or the defendant companies to do so. A loss payable clause is void where attached by the insurer at the mortgagee’s request without the consent of the insured or his knowledge (5 Appleman, Insurance Law & Practice, §§ 3335, 3402, infra).
Assuming arguendo, however, that the papers raise a possible issue because of the agency relationship indicated, plaintiff would nevertheless fail in this action because even if the court, after a trial of such issue, directed reformation of the policies so as to include the plaintiff’s name as the loss payee, he still could not recover against the insurance companies because of the prior findings and determination made in the Supreme Court, New York County, in the action instituted by the insured defendant Weiss against the defendants on the same policies, wherein it was held that said policies were rendered void by reason of a breach thereof by the insured Weiss.
A simple loss payable clause such as plaintiff mortgagee claims he is entitled to, does not give rise to any contract between the mortgagee and the insurer. There is no privity of contract between them which would permit the mortgagee to recover regardless of acts of the mortgagor. The fact that a loss is payable to a mortgagee of insured premises does not increase, lessen or otherwise change the burden assumed by the insurer. The same defenses may be made against the mortgagee who brings an action on the policy as could have been made against the insured. The mortgagee’s right of recovery is no greater than the right of the mortgagor so that a breach of the conditions of the policy by the mortgagor which would prevent a recovery by him precludes recovery from the insurer by the mortgagee (Moore v. Hanover Fire Ins. Co., 141 N. Y. 219, 223; Hessian Hills Country Club v. Home Ins. Co., 262 N. Y. 189; see, also, 11 Couch, Insurance [2d ed., 1963]; §§ 42:668, 42:669, 42:671; 5 Appleman, Insurance Law & Practice, §§ 3335, 3401).
Accordingly, defendant insurance companies ’ motion for summary judgment is granted and the complaint dismissed as to them and the action severed as to the defendants Cantor and Weiss.