JACK WALTMAN, Appellant, v. SAMUEL C. CANTOR, as Acting Superintendent of Insurance, et al., Defendants, and NEW YORK UNDERWRITERS INSURANCE COMPANY et al., Respondents.— Order of the Supreme Court, Kings County, dated December 21, 1967, affirmed, with $10 costs and disbursements, upon the opinion of Special Term (57 Misc 2d 276). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

LESLIE WEBBER, by CLIFTON E. WEBBER, Her Guardian ad Litem, et al., Appellants, v. CITY OF NEW YORK et al., Respondents. — Judgment of the Supreme Court, Queens County, entered November 1, 1967, *inter alia* in favor of the defendant Board of Education upon the trial court's dismissal of the complaint as to said defendant at the end of a jury trial, reversed, on the law, and new trial granted as against said Board of Education, with costs to abide the event. No questions of fact were considered. In this negligence action, the infant plaintiff was injured during the noon school recess while waiting in the prescribed area for the whistle to blow for her to fall into line. Her injury was caused when a student playing basketball on a court laid out by the defendant Board of Education, and adjacent to the prescribed area where plaintiff was, in an attempt to retain possession of the ball, ran off the court and collided with her. The trial court, in dismissing the complaint as against the defendant Board of Education, held that the board had provided general supervision and that was all that was required; and the court could not find any act of commission or omission which could be attributed to the defendant Board of Education that could constitute any negligent conduct. There was evidence from which the jury could have found that the defendant Board of Education was negligent in the set-up of the basketball court, in prescribing an area so close to the court for children to wait and in the supervision of the noon recess activities (cf. *Lopez* v. *City of New York*, 4 A D 2d 48, affd. 4 N Y 2d 738). Also, the rules of the Board of Education, if any, with respect to noon recess activities and supervision thereof should have been admitted in evidence. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.