**WELLS FARGO BANK INTERNATIONAL CORPORATION,
Plaintiff,**

v.

**LONDON STEAM–SHIP OWNERS'
MUTUAL INSURANCE ASSOCIATION, LTD., Defendant.**

No. 74 Civ. 2688.

United States District Court,
S. D. New York.

Feb. 26, 1976.

Burlingham, Underwood & Lord, New York City, for plaintiff; Kenneth H. Volk, New York City, of counsel.

Mendes & Mount, New York City, for defendant; Brendan J. Connolly, New York City, of counsel.

## OPINION

FRANKEL, District Judge.

In its capacity as a mortgagee-loss payee under a marine insurance policy, plaintiff Wells Fargo Bank International is suing defendant insurer London Steam-Ship Owners' Mutual Insurance Association, Ltd., for payments allegedly due under the policy.

Defendant is an English corporation composed of shipowners who mutually agree to insure themselves against so-called protection and indemnity risks pursuant to the Rules of the Association. In May 1969, the owners of the SS JOHN W. HILL (two now-defunct corporations) entered the ship on defendant's insurance rolls. Plaintiff, as mortgagee of the ship, was subsequently named the loss-payee under the policy. In October 1969, while the policy was in effect, the SS JOHN W. HILL went aground in a river in Venezuela. In the course of refloating the vessel, some cargo had to be discharged and the ship sustained physical damage. The owners declared a general average and cargo was eventually assessed $155,680.30 as its share of contribution.[1] Having made an unsuccessful demand upon the cargo owners for this amount, plaintiff claimed recompense from defendant,[2] which was refused on the ground that the policy did not cover the particular loss.[3]

After commencing this action in June 1974, plaintiff, with defendant's approval,[4] settled its claim against cargo for

---

1. On the doctrines governing general averaging, see generally G. Gilmore & C. Black, Jr., The Law of Admiralty 244–47 (1975).

2. Apparently some time after the mishap, the owners of the SS JOHN W. HILL assigned to plaintiff their rights to contribution as well as their claims against various insurers, including defendant.

3. Defendant claims that approximately $114,-000 of the total $155,000 assessed against car-go represents contribution for physical damage to the ship, a risk allegedly not covered under the policy.

4. Defendant approved the settlement without prejudice to its position that the policy does not cover plaintiff's claim. Rule 13 of the Association requires a member to obtain the consent of the Association before any claim is settled.

$115,000, thereby reducing the amount in controversy to $40,680.30. Relying on Association Rule 25,[5] which requires that all disputes between a "Member" and defendant be submitted to arbitration, defendant moves for dismissal or, if that is denied, a stay under 9 U.S.C. § 3 pending arbitration.

### Dismissal

■ A dispute arising under a contract of maritime insurance, such as the one involved here, is within the admiralty and maritime jurisdiction of this court pursuant to 28 U.S.C. § 1333. See, e. g., *Jeffcott v. Aetna Ins. Co.,* 129 F.2d 582 (2d Cir.), cert. denied, 317 U.S. 663, 63 S.Ct. 64, 87 L.Ed. 533 (1942); *Diesel Tanker, A. C. Dodge Inc. v. Stewart,* 262 F.Supp. 6 (S.D.N.Y.1966), aff'd, 376 F.2d 850 (2d Cir.), cert. denied, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 261 (1967). That this action may be an appropriate one for a stay pending arbitration under 9 U.S.C. § 3 does not vitiate that jurisdiction. See *The Anaconda v. American Sugar Refining Co.,* 322 U.S. 42, 44, 64 S.Ct. 863, 864–865, 88 L.Ed. 1117, 1119 (1944); *Legg, Mason & Company v. Mackall & Coe, Inc.,* 351 F.Supp. 1367, 1372 (D.D.C.1972). Accordingly, defendant's motion for dismissal for lack of subject matter jurisdiction is denied.

### Stay

■ Defendant's alternative application, for a stay, must be granted if the issues tendered by plaintiff are "referable to arbitration under an agreement in writing for such arbitration * * *." 9 U.S.C. § 3. Federal law, comprising generally accepted principles of contract law, controls the question of arbitrability. See, e. g., *Robert Lawrence Company v. Devonshire Fabrics, Inc.,* 271 F.2d 402, 404–09 (2d Cir. 1959), cert. dismissed, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960); *Joseph Muller Corp.*

*Zurich v. Commonwealth Petrochemicals, Inc.* 334 F.Supp. 1013, 1018 (S.D.N.Y. 1971). Apparently conceding that the question of coverage sought to be litigated in this action would have been subject to arbitration if the original insureds were claimants, plaintiff denies that it must go to arbitration, contending that (1) it was not a party to the contract and (2) the terms of the arbitration clause do not extend to disputes between it and the defendant. The court disagrees.

Rule 25, invoked by defendant, says:

"Any difference or dispute whatsoever between any Member and the Association touching any claim made by the Member shall be referred to [arbitration] * * *. The meetings shall be held in London. * * * No Member shall be entitled to maintain any action or other proceeding against the Association in respect of any claim * * * unless and until the claim shall have been submitted to the [Association] and they shall have given their decision thereon * * * and if such decision be disputed * * *, unless and until the claim shall have been referred to arbitration in manner herein provided and the award shall have been published, and then only for the sum so ascertained to be payable by the Association."

As members of defendant, the owners of the SS JOHN W. HILL agreed for themselves and for their "heirs, executors, administrators and successors" to observe all of the defendant's Rules. Having rejected plaintiff's claim for indemnification, the defendant Association maintains that plaintiff must submit the dispute to arbitration as provided in Rule 25. Plaintiff counters that it is neither a "successor" nor a "Member" within the meaning of the Rules, and is thus not bound by the arbitration clause.

---

**5.** Although both parties seem to agree that the 1968–69 Rules of the Association, which include Rule 25 as quoted *infra* in the text, governed the insurance policy, it is the 1969–70 Rules that are said to apply in the Confirmation of Insurance. For purposes of this motion, the court has assumed that the text of Rule 25 did not change in the later version.

■ A non-signatory or non-party to a contract containing an arbitration clause may come to be governed by such a provision. See, e. g., *Fisser v. International Bank,* 282 F.2d 231 (2d Cir. 1960). "[T]he variety of ways in which a party may become bound by a written arbitration provision is limited only by generally operative principles of contract law." *Id.* at 233. For example, assignees and subrogated insurers have been held to arbitration agreements they never signed. See *Netherlands Curacao Co., N. V. v. Kenton Corp.,* 366 F.Supp. 744, 746 n.3 (S.D.N.Y.1973); *Lumbermens Mutual Casualty Co. v. Borden Co.,* 268 F.Supp. 303 (S.D.N.Y.1967). It is not decisive that such persons are not literally covered by the terms of the arbitration clause. See *Lumbermens Mutual Casualty Co. v. Borden Co., supra* at 313–14.

■ Even assuming that plaintiff is neither a "Member"[6] nor a "successor,"[7] it is subject to the arbitration provision here in question. Plaintiff's claim to recovery is premised upon its status as a loss payee under the policy.[8] The relevant clause provides:

"Loss, if any, payable to Wells Fargo International Corporation, Mortgagee, or order."

Under the contract and insurance law of most jurisdictions, a mortgagee claiming under such an open loss payee clause[9] is accorded no greater rights than those of its insured, and is bound by the conditions in the contract. See *Ionian Shipping Co. v. British Law Insurance Co.,* 426 F.2d 186, 189–90 (2d Cir. 1970); *Hessian Hills Country Club v. Home Ins. Co.,* 262 N.Y. 189, 186 N.E. 439 (1933); 5A J. & J. Appleman, *Insurance Law and Practice* § 3401, at 279–96 (1970). Clauses containing conditions limited by their terms to the "insured or mortgagor" apply to the mortgagee as well unless varied by explicit language to the contrary. See *Hessian Hills Country Club v. Home Ins. Co., supra,* at 197–98, 186 N.E. 439; *Mortgagee Affiliates Corp. v. Commer-*

**6.** While plaintiff may not have been considered a "Member" when the policy was issued, see *Ocean Eagle-Limitation Proceedings,* 1974 AMC 1629 (D.P.R.), there is authority for the proposition that a mortgagee becomes "the insured" for purposes of interpreting policy provisions when the mortgagee is suing the insurer under the policy. See *Armstrong v. Agricultural Ins. Co.,* 56 Hun. 399, 9 N.Y.S. 873 (Sup.Ct.2d Dep't 1890), rev'd on other grounds, 130 N.Y. 560, 29 N.E. 991 (1892). Cf. *Syracuse Sav. Bank v. Yorkshire Ins. Co.,* 301 N.Y. 403, 409, 94 N.E.2d 73 (1950).

**7.** Plaintiff should probably be considered a "successor" within the meaning of the policy language and thus bound by all of the Rules. Plaintiff does not dispute defendant's contention that it became assignee of the claim of the owners after the ship was damaged. Moreover, plaintiff, in its capacity as loss payee, has clearly stepped into the shoes of the insured for purposes of recovering under the policy. See *Syracuse Sav. Bank v. Yorkshire Ins. Co.,* 301 N.Y. 403, 408, 94 N.E.2d 73 (1950). The plaintiff, as mortgagee, does not have a separate contract with defendant; its rights, if any, derive exclusively from those given the insured under the policy. It would be at least anomalous to permit recovery absent compliance by either the insured or the mortgagee with the arbitration clause.

**8.** If it mattered, plaintiff would probably not be entitled to pick and choose the capacity in which it sues so as to select or avoid arbitration. Having been assigned its mortgagors' rights against defendant, plaintiff could simply be held to be a "successor" within the meaning of the Rules.

**9.** Under open loss payee clauses, (1) no separate contractual relationship arises between the insured and the mortgagee, (2) the insurer's burden remains unchanged, and (3) the same defenses may be made against the mortgagee who brings an action on the policy as could have been made against the insured. See, e. g., *Grosvenor v. Atlantic Fire Ins. Co.,* 17 N.Y. 391 (1858); *Waltman v. Cantor,* 57 Misc.2d 276, 280, 292 N.Y.S.2d 549 (Sup.Ct. Kings Co.1967), aff'd, 30 A.D.2d 831, 293 N.Y. S.2d 705 (1968). Even if plaintiff's interest arose under a so-called "standard" mortgagee clause, as plaintiff seems to intimate from time to time, plaintiff would still be bound by such conditions in the contract, whether or not literally confined to "the insured," as are not inconsistent with its status as mortgagee. See *Mortgagee Affiliates Corp. v. Commercial Union Ins. Co.,* 27 A.D.2d 119, 276 N.Y.S.2d 404 (2d Dep't 1967). All that a standard mortgagee clause accomplishes for a mortgagee is to preserve its interests despite defaults by the insured. It does not relieve the mortgagee from the responsibility of complying with the conditions in the contract. *Id.* at 121.

*cial Union Ins. Co.,* 27 A.D.2d 119, 276 N.Y.S.2d 404 (2d Dep't 1967).

■ The foregoing principles solidly support defendant's demand that the dispute be arbitrated.[10] If the answer seemed less clear, we should be disposed anyhow to resolve doubts in favor of arbitration. See *Coenen v. R. W. Pressprich & Co.,* 453 F.2d 1209, 1212 (2d Cir.), cert. denied, 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972).

Accordingly, while denying the application for dismissal, the court grants defendant's motion to stay this action pending the arbitration called for by Rule 25.

It is so ordered.

---

**10.** The cases relied upon by plaintiff in support of its position that it is not bound by Rule 25 are inapposite. *Ocean Eagle-Limitations Proceedings,* 1974 AMC 1629 (D.P.R.) did, as plaintiff maintains, hold that an incidental beneficiary of a marine insurance contract was not a "Member" within the meaning of a rule worded like Rule 25 and therefore was not barred by it from suing the insurer under Puerto Rico's direct action statute. But see *Smith v. Pearl Assurance Company,* 63 Lloyd's List L.R. 1 (C.A.1939); *Dennehy v. Bellamy,* 60 Lloyd's List L.R. 269 (C.A.1938). Direct action statutes accord certain third parties an unwaivable right to sue an insurer directly. But where, as here, the named loss payee bases its right to sue on the contract itself, not upon a statute or some other basis outside the contract, the provision requiring arbitration as a condition precedent to recovery must be observed. Similarly, whether a guarantor or consignee of goods may be forced to arbitrate must, of course, turn upon the language of the guaranty contract and bill of lading respectively. See, e. g., *Compania Espanola De Petroleos, S. A. v. Nereus Shipping S. A.,* 527 F.2d 966, at 973 (2d Cir. 1975). Here, the only contract is the one plaintiff affirmatively invokes as the basis of its suit. That contract makes arbitration a condition precedent to any court action. Plaintiff is bound by that condition.