OPINION OF THE COURT
Hancock, Jr., J.
A mortgagee named in a fire insurance policy containing a standard mortgagee clause is not obligated to comply with the provisions of the policy requiring the named insured to submit to an examination under oath. In reaching this conclusion we reject the contrary rule stated in Mortgagee Affiliates Corp. v Commercial Union Ins. Co. (27 AD2d 119, 121).
The narrow question concerning a mortgagee’s obligation to submit to oral questions arises in a dispute over coverage for a fire loss occurring in a summer home in the Village of Fort Ann, Washington County. Defendant Annunziata owned the home. Defendant Maresca, the mortgagee, who sold the property to Annunziata, held a purchase-money mortgage. Plaintiff insured the home in a policy containing a New York standard *232 mortgagee clause.[1] After both the owner and mortgagee had filed proofs of loss and the owner had submitted to an oral examination pursuant to the policy, plaintiff sought to examine the mortgagee Maresca. Upon Maresca’s refusal, plaintiff commenced the instant declaratory judgment action seeking a declaration that Maresca was barred from any recovery. Maresca counterclaimed for the amount of the loss he had sustained and, thereafter, plaintiff moved for summary judgment in the declaratory judgment action and for a dismissal of the counterclaim. Special Term denied plaintiff’s motion but the Appellate Division modified by granting the motion, dismissing the counterclaim and declaring that plaintiff was not liable under the policy to Maresca because of his failure to submit to the examination. There should be a reversal.
Because this case turns on the construction of the policy, we briefly restate the well-established rules which apply. Where the provisions of the policy "are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement (State Farm Mut. Auto. Ins. Co. v Westlake, 35 NY2d 587; Johnson v Travelers Ins. Co., 269 NY 401).” (Government Employees Ins. Co. v Kligler, 42 NY2d 863, 864.) The policy must, of course, be construed in favor of the insured, and ambiguities, if any, are to be resolved in the insured’s favor and against the insurer (see, Government Employees Ins. Co. v Kligler, supra; Austrian v Equitable Life Assur. Socy., 39 NY2d 477, 479).
Turning to the policy in question, we note first that the term "Insured” as defined in the policy means the named insured (in this case, the owner of the property, Annunziata), and not the mortgagee.[2] While the policy contains a provision *233 requiring the insured to submit to examinations under oath, there is no provision requiring the mortgagee to do so. The single clause pertaining to examinations is as follows: "The insured, as often as may be reasonably required, shall * * * submit to examinations under oath * * * at such reasonable time and place as may be designated by this Company.”
In contrast with the foregoing clause, which omits any reference to the mortgagee, is the policy provision specifically requiring the mortgagee to render proof of loss upon the insured’s failure to do so. The proof of loss clause is as follows: "If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit.”
When the policy is construed as required by giving the words their plain meaning (see, Government Employees Ins. Co. v Kligler, supra), there is no question that only the named insured — not the mortgagee — is required to submit to an examination under oath. Moreover, the drafters of the policy in writing the proof of loss clause included a provision specifying the particular conditions under which a mortgagee would be required to submit proof of loss. Their omission of any similar reference to the mortgagee in the clause pertaining to examinations under oath must be assumed to have been intentional under accepted canons of contract construction (see, 151 W. Assoc. v Printsiples Fabric Corp., 61 NY2d 732, 734; see generally, 22 NY Jur 2d, Contracts, General Rules of Construction, §§ 187-199). This is especially true inasmuch as the standard fire insurance policy specifically provides that the parties may add to the "obligations of such mortgagee * * * by agreement in writing” (Insurance Law § 3404, Second Page of Standard Fire Policy, lines 83-85). The parties added no such obligation here.
As authority for its position that the policy should be read as including the omitted requirement for examination under *234 oath of the mortgagee, plaintiff cites Mortgagee Affiliates v Commercial Union Ins. Co. (27 AD2d 119, supra) — the decision followed by the Appellate Division here. The Mortgagee Affiliates court, in dismissing the complaint of the mortgagee because of its refusal to submit to an examination under oath, relied on Syracuse Sav. Bank v Yorkshire Ins. Co. (301 NY 403).
Our holding in Syracuse Sav. Bank was an application of the established rule that a mortgagee clause in a standard insurance policy creates an independent and separate insurance coverage for the mortgagee’s interest and that the owner-mortgagor may not, through its actions or neglect, defeat the independent rights of the mortgagee. In Syracuse Sav. Bank we simply held that the mortgagee was not bound by the appraisal submitted by the owner-mortgagor and that it could, if it chose, protect its own interests by participating in the appraisal proceedings, notwithstanding the absence of such explicit right in the policy (Syracuse Sav. Bank v Yorkshire Ins. Co., 301 NY 403, 408, supra). Our holding there clearly does not call for the result reached in Mortgagee Affiliates. Nothing in Syracuse Sav. Bank suggests that a policy containing a standard mortgagee clause imposes upon the mortgagee obligations identical to those imposed on the named insured.[3] Construing the policy in Syracuse Sav. Bank to permit the mortgagee to protect its interests by participating in the appraisal proceedings does not lead to the conclusion — adopted by the court in Mortgagee Affiliates — that a provision is to be read into the contract requiring the mortgagee to submit to an examination under oath or forfeit its claim.
While a policy may be construed liberally for the purpose of protecting the interests of the insured mortgagee, it may not be rewritten against the interests of the mortgagee by imposing an obligation which the policy omits. Mortgagee Affiliates *235 was, therefore, wrongly decided and should not have been followed.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion denied.
Chief Judge Wachtler and Judges Meyer, Kaye, Alexander and Titone concur; Judge Simons taking no part.
Order reversed, with costs, and plaintiff’s motion for summary judgment denied.

. The New York standard mortgage clause provides in part, as follows: "If a mortgagee is named in the Declarations, loss or damage, if any, on buildings under this policy, shall be payable to the aforesaid as mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy, provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.” (Emphasis added.)

. There can be no question that the term "Insured” is not intended to include the mortgagee. The owner or mortgagor and the mortgagee are treated as distinct entities in defining their separate and different rights and *233 obligations in the "New York Standard Mortgagee Clause” and in the clause entitled "Mortgagee Interests and Obligations”. In the policy declarations, defendant Annunziata is shown as the "Insured” and defendant Maresca as the "First Mortgagee”. (See, McDowell v St Paul Fire & Mar. Ins. Co., 207 NY 482, 488 [to the effect that the word "Insured” applies only to the owner, the one to whom the policy was issued, and not to the mortgagee]; see also, Heilbrunn v German Alliance Ins. Co., 140 App Div 557, 560, affd 202 NY 610.)

. The Mortgagee Affiliates court (27 AD2d 119), in holding that the mortgagee is bound by all the provisions of the policy which are binding on the owner-mortgagor except as the policy specifically provides otherwise, purported to adopt the rule stated in Hessian Hills Country Club v Home Ins. Co. (262 NY 189, 201). But the policy in Hessian Hills, unlike the policy in Mortgagee Affiliates, did not contain a standard mortgagee clause creating an independent policy of insurance with the mortgagee but, rather, a "loss payable” clause which did not give the mortgagee any right to recover where there was a breach of condition by the mortgagor. The Mortgagee Affiliates court erred in applying the Hessian Hills rule and nothing in Syracuse Sav. Bank v Yorkshire Ins. Co. (301 NY 403) called for that result.