■ AGRICULVER PROFIT SHARING PLAN, Respondent, v DRYDEN MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants.—Mahoney, P. J. Appeal from an order and judgment of the Supreme Court (Ellison, J.), entered May 31, 1988 in Tompkins County, which, *inter alia,* granted plaintiff's cross motion for summary judgment against defendant Dryden Mutual Insurance Company.

After defendant Douglas E. Smith, Sr., mortgaged his premises in the Village of Trumansburg, Tompkins County, to plaintiff to secure a $25,000 purchase-money mortgage, he obtained a fire insurance policy on the property from defendant Dryden Mutual Insurance Company (hereinafter Dryden). The policy named plaintiff as the mortgagee. During the policy period, the mortgaged premises were totally destroyed by fire.

Pursuant to the terms of the policy, Smith filed a proof of loss statement on a form furnished by Dryden. Thereafter, by letter dated July 9, 1985, Dryden forwarded to plaintiff a blank proof of loss statement without informing plaintiff that the Smith proof of loss statement had been rejected. Plaintiff forwarded the proof of loss statement to its attorney, who failed to complete the form and send it to Dryden. Accordingly, Dryden informed plaintiff that its failure to tender the proof of loss form in conformity with the policy and statutory requirements was the ground for its refusal to pay the claim.

Plaintiff instituted this action against Dryden* to recover on Smith's policy as the designated mortgagee. Dryden moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (5) and (7) on the ground that it never received a proof of loss statement from plaintiff, which was a condition precedent to any recovery. Plaintiff cross-moved for summary judgment against Dryden. Supreme Court granted plaintiff's cross motion for summary judgment. After a hearing, Supreme Court determined that plaintiff was entitled to the amount of the unpaid principal, together with interest at the mortgage rate of 15% to date of judgment, legal fees, an additional contingency payment of $1,350 as provided for in the bond, costs and disbursements. This appeal by Dryden ensued.

Plaintiff's failure to file a proof of loss instrument does not preclude it from recovering as mortgagee pursuant to the terms of the insurance policy. While the policy clearly requires that the insured, Smith, is required to file a proof of loss form, there is no like requirement mentioned in the policy for the mortgagee. Dryden's reliance on *Mortgagee Affiliates Corp. v Commercial Union Ins. Co.* (27 AD2d 119) to support its contention that the mortgagee is required to file a proof of loss even though only the insured is so required by the explicit terms of that contract is misplaced. The Court of Appeals in *United States Fid. & Guar. Co. v Annunziata* (67 NY2d 229, 234-235) stated that *Mortgagee Affiliates* was wrongly decided and made it clear "that the term 'Insured' is not intended to include the mortgagee" *(supra,* at 232, n 2). Furthermore, under the terms of the policy's mortgage clause, plaintiff should not be penalized as a result of Smith's filing what was deemed to be an invalid proof of loss statement. The mortgage clause states that the interest of the mortgagee "shall not be invalidated by any act or neglect of the mortga-

---

* Smith and plaintiff's attorney, Gary Lucas, were also named as defendants.

gor or owner of the within described property". The presence of the mortgage clause created an independent contractual relationship between plaintiff and Dryden *(see, Murphy v Aetna Ins. Co.,* 96 AD2d 99, 101). Accordingly, we hold that plaintiff, as mortgagee under the policy, is able to recover even though it did not submit a proof of loss form.

Turning to the issues surrounding the amount of plaintiff's recovery, we reject Dryden's contention that plaintiff should be limited to the balance of the loan plus interest as of the date of the fire, i.e., the sum of $25,635.06, because it was not a party to the bond and mortgage and, therefore, not responsible for additional claims arising thereunder. While the date of loss is the date on which the rights of a mortgagee are determined, it does not follow that the legal fees and contingency payment which accrued after that date are not recoverable by plaintiff mortgagee. The standard mortgagee clause is designed: "to indemnify the mortgagee against the diminution of the value of the security for his loan due to loss from certain perils and thereby to make certain that in the event of such a loss, the mortgagee would be protected up to the amount of his lien" *(Citizens Sav. & Loan Assn. v Proprietors Ins. Co.,* 78 AD2d 377, 381). Indeed, plaintiff is insured under the policy "as [its] interests may appear", which include, in addition to the principal and interest due, other amounts secured by the mortgage *(see, Grady v Utica Mut. Ins. Co.,* 69 AD2d 668, 674).

In this case, the mortgage secures other debt owed by Smith to plaintiff, such as the contingency payment amount, but only to the extent that the total debt secured does not exceed $25,000. Since the parties do not dispute that the amount of debt attributable to the loan principal is $24,652.18, only $347.82 of the $1,350 contingency payment can be considered within plaintiff's "interests" and the order and judgment must be modified accordingly. The mortgage also clearly secures legal fees incurred by plaintiff in suing to protect its rights under the mortgage and such fees were therefore properly awarded as within plaintiff's "interests". For this reason, we reject Dryden's argument that these fees should be apportioned among the other defendants, but note that there is nothing to prevent Dryden from seeking indemnification or contribution from the other defendants.

It remains to determine the interest payable on the amounts due plaintiff, which argues that Supreme Court properly set the amount as the 15% bond rate up to the time of judgment. Dryden claims that from the date of the loss, the

legal rate of 9% is proper. "It is well settled that when a contract provides for interest to be paid at a specified rate until the principal is paid, the contract rate of interest, rather than the legal rate set forth in CPLR 5004, governs until payment of the principal or until the contract is merged in a judgment" *(Citibank v Liebowitz,* 110 AD2d 615). The interest payable was, thus, properly awarded at the contract rate of 15% to May 31, 1988, the date of entry of the order and judgment herein, and thereafter at the statutory rate of 9% (CPLR 5004).

Order and judgment modified, on the law, without costs, by modifying the amount of the additional payment from $1,350 to $347.82 and conforming the other amounts awarded accordingly, and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.