■ HEAVY FUNDING CORP., Appellant, v ALLCITY INSURANCE COMPANY, Respondent. [651 NYS2d 515] —Judgment of the Supreme Court, New York County (Richard Lowe, III, J.), entered July 5, 1995, dismissing the complaint and bringing up for review an order of the same court and Justice entered June 13, 1995, which, *inter alia*, granted defendant's cross-motion for summary judgment dismissing the complaint and an order of the same court and Justice entered December 19, 1995, which, insofar as appealable, denied plaintiff's motion to renew, unanimously reversed, on the law, without costs, the defendant's cross-motion for summary judgment denied, and the complaint reinstated. Appeal from the order of December 19, 1995 unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Defendant Allcity Insurance Company issued a policy insuring Jesus Hernandez against direct physical loss or damage of the contents of the grocery store he operated as Jesus Grocery Store. Pursuant to the insurance policy's paragraph concerning "Mortgage Holders", the insurance company agreed that they

"b. * * * will pay for covered loss of or damage to buildings or structures to each mortgage holder shown in the Declarations in their order of precedence, as interests may appear * * *

"d. If we deny [the insured's] claim because of [the insured's] acts or because [the insured] have failed to comply with the terms of this Coverage Part, the mortgage holder will still have the right to receive loss payment if the mortgage holder * * *

"(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from [the insurance company] of [the insured's] failure to do so * * *

"All of the terms of this Coverage Part will then apply directly to the mortgage holder."

In section A (1) (a) (2) of the coverage section of the policy, building is defined as including permanently installed fixtures, machinery and equipment.

Plaintiff Heavy Funding had a perfected security interest in all equipment, fixtures and inventory located at the insured premises. A written request was made to defendant's agent that plaintiff be added as a "chattel mortgagee" to the insurance policy. Defendant issued an Amended Endorsement which identifies plaintiff as a "Mortgage Holder."

After a fire at the insured premises, Hernandez filed a claim

totalling $140,000. However, Allcity has made no payment on Hernandez' claim, contending that he has not cooperated in the investigation of the claim within the meaning of the contract of insurance. Plaintiff notified defendant that it was pursuing a claim under Hernandez' policy as the chattel mortgagee. It demanded payment under the "Mortgage Holders" clause of the policy.

Defendant acknowledged receipt of plaintiff's claim as a chattel mortgagee, but advised that plaintiff's claim would be viewed as a lien against the policy and would be considered to the extent of any payment made to Hernandez. This action ensued.

In our view, there are material questions of fact regarding the parties' intention which preclude the grant of summary judgment. The insurance contract and its Amended Endorsement are unclear as to whether plaintiff, as chattel mortgagee of the named insured, is entitled to directly recover pursuant to the Mortgage Holders clause, or, as defendant maintains, is merely entitled to an equitable lien against any claim paid out to the named insured. To the extent it is ambiguous, the insurance policy must be strictly construed against the insurer (*United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229). Defendant was aware from the initial request to add plaintiff to the policy that any claim plaintiff might bring was as a chattel mortgagee, and that plaintiff's interest only attached to the equipment, inventory and fixtures. Yet, defendant issued a new endorsement naming plaintiff as a "Mortgage Holder", without distinguishing between a traditional mortgagee and a chattel mortgagee. Thus, whether the plaintiff is entitled to directly collect under the policy can only be determined at trial.

In light of the foregoing, we need not address plaintiff's alternative contention that the record does not substantiate a finding of non-cooperation by Hernandez or the requisite due diligence by the insurer. Concur—Wallach, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.