We have considered the parties' remaining contentions and find them to be unpersuasive.

Cardona, P. J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ JOHN D. MURRAY, Respondent-Appellant, v NORTH COUNTRY INSURANCE COMPANY, Appellant-Respondent. [716 NYS2d 820] —Mugglin, J. Cross appeals from an order of the Supreme Court (Dawson, J.), entered July 26, 1999 in Clinton County, which, *inter alia*, granted plaintiff's motion for partial summary judgment.

---

2. Plaintiff has not raised any issue concerning the warehouse worker and truck expenses in its brief on appeal.

On April 1, 1993, property owned by Roland Senecal (hereinafter Senecal) and Pamela Senecal, his wife, was heavily damaged by fire. Senecal purchased the subject property on November 24, 1992 from plaintiff for the sum of $80,000. In connection with the purchase, plaintiff took back a purchase money mortgage in the sum of $76,000. Prior to the closing, defendant issued a special multiperil policy to Senecal covering the premises for the period November 24, 1992 to November 24, 1993. In the application for this insurance policy, defendant was informed that the property would undergo renovation and that the restaurant was expected to be open for business no later than December 20, 1992.

On February 3, 1993, Alan Sobol, to whom plaintiff had previously issued a limited power of attorney, contacted defendant requesting that plaintiff's name be added to the policy as the holder of a first mortgage lien on the property. Defendant complied with this request and, on March 3, 1993, issued an endorsement adding plaintiff as a loss payee under the mortgage clause of the policy. On April 1, 1993, the property was heavily damaged by fire. Defendant refused to pay plaintiff's claim under the policy, alleging that the fire was the result of arson on the part of Senecal, plaintiff "and/or representatives thereof," and that plaintiff had failed to notify defendant of any change in ownership, occupancy or substantial change in risk known to him. Defendant informed plaintiff that Senecal's policy of insurance had been suspended prior to the date of the fire because the building had remained vacant or unoccupied for a period in excess of 60 consecutive days, that this fact was known to plaintiff and that plaintiff had failed to advise defendant thereof.

Plaintiff commenced this action seeking compensatory damages for breach of contract and punitive damages for "bad faith." After issue was joined, plaintiff moved for partial summary judgment on his breach of contract claim which originally was denied without prejudice to renewal after discovery was complete. Following the completion of discovery, plaintiff again sought partial summary judgment seeking payment of his claim, plus interest, costs, and counsel fees. Supreme Court, concluding that no triable issue of fact existed, granted plaintiff partial summary judgment on its breach of contract cause of action. With respect to damages, Supreme Court directed that an inquest be conducted. Additionally, the court, *sua sponte*, dismissed plaintiff's second cause of action sounding in "bad faith" as being "without a legal foundation." Defendant appeals from that portion of Supreme Court's order which granted

plaintiff partial summary judgment and plaintiff cross-appeals with respect to that portion of the order which denied counsel fees.

The policy provisions which are germane to the issues raised herein are those which advise the insured:

"(1) Your insurance is suspended when any hazard is increased by any means within your knowledge or control.

"(2) Your insurance is suspended while a described building is vacant or unoccupied beyond a period of [60] consecutive days."

Equally germane is the following provision:

"The insurance for the mortgagee continues in effect even when your insurance may be void because of your acts, neglect or failure to comply with policy terms, provided that the mortgagee: * * *

"(3) Notifies us of any change in ownership, occupancy or substantial change in risk known to the mortgagee."

Defendant makes three arguments, two of which can be summarily resolved. First, defendant argues that by reason of the insured's use of a salamander heater and his spilling of kerosene while filling it, the mortgagee knew of a substantial increase in the risk. There is no evidence in this record that the mortgagee was ever on the premises or otherwise became aware of these facts. Second, defendant argues that since plaintiff conveyed the premises to Roland Senecal and Pamela Senecal, and since he knew that the insurance policy had been issued to "Ronald" Senecal, he was therefore aware of a change in ownership. It is undisputed that plaintiff sold the premises to the Senecals and that there was no subsequent conveyance. As a result, there is no merit to defendant's argument that there was a change in ownership.

Defendant's third argument is that plaintiff is precluded from recovering under this policy because he knew the premises were vacant or unoccupied for a period in excess of 60 days. Although plaintiff admits to this knowledge, his only obligation, by the plain language of the policy, was to notify defendant of any change in occupancy. No change with respect to occupancy or vacancy occurred between the conveyance and the fire.

Plaintiff, because of the existence of the mortgage clause, has a contractual relationship with defendant independent of that of the insured (see, *Agriculver Profit Sharing Plan,* v *Dryden Mut. Ins. Co.,* 145 AD2d 811, 813). Under familiar rules, plaintiff has submitted admissible competent evidence entitling

him to judgment as a matter of law (*see*, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Zuckerman v City of New York*, 49 NY2d 557, 562). The burden, therefore, shifted to defendant to submit evidence sufficient to raise a triable issue of fact. Despite the fact that arson may be proved by circumstantial evidence (*see*, *Weed v American Home Assur. Co.*, 91 AD2d 750) and that hearsay evidence that is excludable at trial may be presented in opposition to a motion for summary judgment, so long as it is not the only proof submitted (*see*, *Guzman v L.M.P. Realty Corp.*, 262 AD2d 99, 100; *DiVeronica Bros. v Basset*, 213 AD2d 936, 938-939), defendant has failed to meet its burden of raising a triable issue of fact.

We concur with Supreme Court that defendant's contention that the fire was the result of arson and that plaintiff and Senecal were jointly involved therein is based merely on surmise, conjecture and speculation insofar as plaintiff is concerned. First, there is no persuasive evidence that plaintiff had a motive to burn the premises. Defendant makes no claim, and no evidence has been submitted, that plaintiff was experiencing financial difficulties. The fact that plaintiff has experienced other fire losses and therefore that this loss was an arson planned by him is an inference based upon speculation, insufficient to create a genuine issue of fact, particularly where plaintiff established that the other losses were either voluntarily paid by the insurer or that he successfully brought suit against the insurer. Moreover, while the financial difficulties of Senecal may support an issue of fact as to his involvement in the fire, the loan history between Senecal and plaintiff does not raise an issue of fact as to whether plaintiff was his accomplice.

As a final matter, we find no merit to plaintiff's cross appeal with respect to his application for counsel fees. We find no legal basis upon which to award counsel fees and plaintiff points to none. Neither the policy of insurance nor the mortgage which plaintiff is foreclosing contains a provision authorizing the recovery of counsel fees in this action.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.