■ ROBERT G. SCHLEGEL, Appellant, et al., Plaintiffs, v AETNA CASUALTY & SURETY COMPANY, Respondent. [723 NYS2d 94] —In an action to recover damages for breach of a homeowner's insurance policy, the plaintiff Robert G. Schlegel appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (LaCava, J.), dated January 13, 2000, as granted the defendant's motion for leave to renew and, upon

renewal, granted its prior motion to change the venue of the action from Dutchess County to Delaware County, which was denied by an order of the same court dated September 8, 1999, and denied that branch of his cross motion which was for summary judgment in his favor on the issue of liability.

Ordered that the order dated January 13, 2000, is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion for leave to renew is denied, the order dated September 8, 1999, is reinstated, and that branch of the cross motion which was for summary judgment in favor of the appellant on the issue of liability is granted.

The plaintiff Robert G. Schlegel made out a prima facie case for summary judgment in his favor on the issue of liability. In opposition, the defendant, Aetna Casualty & Surety Company (hereinafter Aetna), did not raise an issue of fact as to whether Schlegel intentionally set the fire which caused the loss. Aetna submitted no evidence that Schlegel had any financial problems. Although Schlegel was attempting to sell the property, he was current on all mortgage and tax payments. He owned other property, including his primary residence and certain income-producing property, and he had paid in full the mortgage on his primary residence. Accordingly, evidence of motive was lacking (*see, Murray v North Country Ins. Co.*, 277 AD2d 847; *Chenango Mut. Ins. Co. v Charles*, 235 AD2d 667).

Further, the forensic chemist's report prepared for Aetna established that no residue of an accelerant was found at the scene. Accordingly, in opposition to Schlegel's prima facie case for summary judgment, Aetna failed to raise an issue of fact as to whether the fire was the result of arson. Aetna's argument on that issue was based upon pure conjecture and surmise (*see, Murray v North Country Ins. Co., supra*).

The motion for leave to renew was improperly granted. No newly-discovered evidence was submitted to merit renewal (*see, Harrell v Koppers Co.*, 154 AD2d 340). Bracken, P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.