■ BARDYL R. TIRANA, Appellant, v AXA EQUITABLE LIFE INSURANCE COMPANY, Respondent. [24 NYS3d 274]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered July 9, 2014, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on his breach of contract claim seeking a refund of deductibles paid by him for each of the years for which his Medicare coverage paid in excess of $3,000 for covered charges, and granted defendant AXA Equitable Insurance Company's (AXA or defendant) cross motion for summary judgment dismissing said claim,

unanimously reversed, on the law, with costs, plaintiff's motion granted and defendant's motion denied.

The relevant portion of plaintiff's policy with defendant states, in pertinent part: "DEDUCTIBLE AMOUNT means the amount of covered charges that must be incurred in each calendar year by a covered person . . . before benefits are payable under this policy. The deductible amount is the greater of the basic deductible [the basic deductible is $3,000] shown on page 3 or the amount of benefits provided for covered charges by other medical expense coverage."

Thus, the deductible amount is either $3,000 or the greater amount paid by other medical expense coverage. "Other medical expense coverage" under the policy includes Medicare. Plaintiff asserts in his complaint that for each of the years 2009, 2010, 2011 and 2012, Medicare paid in excess of $3,000.

Contrary to the interpretation of the court below and defendant AXA, the deductible amount does not include both the $3,000 basic deductible and the greater amount paid by Medicare. Even assuming there was an ambiguity in the policy definition of "Deductible Amount," such ambiguity "must be construed in favor of the insured and against the insurer" (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007], citing *United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]). Thus, to the extent that plaintiff paid any or all of the basic deductible in a year in which Medicare paid in excess of $3,000 for covered expenses, plaintiff would be entitled to reimbursement of that amount. This is so because the payments made by Medicare, once they passed the $3,000 mark, would become the "deductible amount," and plaintiff's payments under the basic deductible would no longer be for a deductible amount. Neither the court nor AXA points to any provision in the policy under which AXA could retain this money when it is no longer part of the deductible amount.

To the extent, however, that Medicare or any other medical expense coverage paid or contributed to the basic deductible, plaintiff would not be entitled to any recovery, as that amount would then fall under the greater "amount of benefits provided for covered charges by other medical expense coverage," and would remain a deductible amount. Plaintiff is also not entitled to reimbursement for payments he made to the basic deductible in the relevant years to the extent that AXA's voluntary "Variable Deductible Payback Benefits" program has already reimbursed him in whole or in part. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.