HEILBRUNN v. GERMAN ALLIANCE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    May 31, 1912.)

1. INSURANCE (§ 156*)—FIRE INSURANCE—MORTGAGEE CLAUSE—CONSTRUCTION.
   The contract between an insurer and the mortgagee as expressed by a mortgagee clause in the policy is distinct from the contract between the insurer and the owner.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 316–322; Dec. Dig. § 156.*]

2. INSURANCE (§ 606*)—PAYMENT—INSURER'S SUBROGATION TO RIGHTS OF MORTGAGEE.
   A provision that whenever the insurer should pay the mortgagee any loss under the policy, and should claim that as to the mortgagor or any owner no liability therefor existed, the insurer should to the extent of such payment be thereupon subrogated to all the rights of the mortgagee under all securities held as collateral to the mortgage debt, contained in the mortgage clause of a policy of fire insurance, is legal and binding.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1511, 1514–1516;  Dec. Dig. § 606.*]

3. PLEADING (§ 146*)—FIRE INSURANCE—MORTGAGEE CLAUSE—CONSTRUCTION.
   A policy of fire insurance contained a clause providing for payment to the mortgagee as interest might appear, and that, whenever the insurer should pay the mortgagee any loss under the policy and should claim that as to the mortgagor no liability therefor existed, it should to the extent of such payment be thereupon subrogated to all the rights of the mortgagee under all securities held as collateral to the mortgage debt. After a loss a mortgage debt was fully paid and satisfied, and the mortgagee's assignee thereafter sued the insurer upon the mortgage clause. *Held*, that the contract with the mortgagee was for indemnity, and that the insurer's liability thereon was measured, not by the amount of policy, but by the amount of loss to the mortgagee, and that since by payment to the mortgagee after the loss the collateral was discharged, and there was nothing to which the insurer's right to subrogation could attach except the money paid to the mortgagee in satisfaction of his debt, the insured without counterclaiming might show such satisfaction in reduction of the amount recoverable.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 294–296; Dec. Dig. § 146.*]

   Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Simon Heilbrunn against the German Alliance Insurance Company of New York.  From an order denying a motion to sustain a demurrer interposed to a separate defense contained in the answer of the defendant and for an order directing judgment on the pleadings, plaintiff appeals.  Affirmed.

See, also, 202 N. Y. 610, 95 N. E. 823.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Jacob R. Schiff, of New York City, for appellant.
Leo Levy, of New York City, for respondent.

SCOTT, J.  The plaintiff appeals from an order denying his motion for judgment upon the pleadings which consist of a complaint,

answer, and demurrer thereto. Plaintiff sues as assignee of one Henry Gerken, the insured, under a mortgagee clause attached to a policy of insurance issued to one Cecelia M. Siff. The sufficiency of the complaint has already been established. 140 App. Div. 557, 125 N. Y. Supp. 374; 202 N. Y. 611, 95 N. E. 823. By the separate defense now demurred to it is alleged that as to the owner the policy of insurance became null and void and that prior to the commencement of this action and before the assignment to plaintiff, Henry Gerken, as mortgagee, ceased to have any interest in the premises insured, for the reason that the mortgage debt had been fully paid, satisfied, and discharged. It is not alleged that the mortgage debt was paid before the loss occurred, and it is therefore to be assumed that it did not occur until afterwards. The question then is whether a mortgagee may recover the amount secured by the mortgagee clause attached to a policy of insurance when the mortgage debt was still due and owing when the loss occurred, but has been fully paid and satisfied before suit is brought against the insurer.

[1] It is settled that the contract between the insurer and the mortgagee, as expressed by the mortgagee clause, is quite separate and distinct from the contract between the insurer and the owner. The question is not therefore complicated by the circumstances that as between the insurer and the owner the policy had been avoided.

[2] The mortgagee clause contained the usual subrogation provision, the legality and binding force of which has long been recognized in this state. Ulster County Savings Inst. v. Leake, 73 N. Y. 161, 29 Am. Rep. 151. It reads as follows:

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy, and shall claim that, as to the mortgagor or any owner, no liability therefor existed, this company shall to the extent of such payment be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities, but no subrogation shall impair the right of the mortgagee (or trustee) to the full amount of  *  *  *  claim."

The contract of insurance with the mortgagee was nothing more than a contract of indemnity, and the liability of the insurer was measured, not by the amount of the policy, but by the amount of loss incurred by the insured. Undoubtedly, upon the happening of the fire, there arose an apparent liability on the part of the insurer to pay to the insured so much of his loss as was covered by the policy, but coupled with this liability was the absolute right on the part of the insurer to be subrogated pro tanto to the securities held by the mortgagee as collateral to the mortgage debt, or, in other words, to the mortgage. After the fire, by payment or foreclosure, the mortgagee has been paid his debt, and consequently the collateral has become discharged, and there is nothing to which the insurer's right of subrogation can attach, except to the money paid to the insured in satisfaction of his debt. In other words, when the action was commenced, the insured had suffered no loss for which he was entitled to claim

indemnity, because he had realized the whole amount of his debt from the security which he had agreed to deliver to the insurer if the latter paid the loss. Having thus collected his debt out of the security, he had put it out of his power to fulfill his subrogation agreement. I do not consider that it was necessary for the defendant to admit its liability, and then counterclaim for a like amount realized by the insured out of the collateral security. The question in an action of this character is how much is due to plaintiff when the action is begun. If the defendant is, as in the present case, merely as indemnitor, and the plaintiff has, before suit brought, been paid from other sources all or a part of the amount for which the indemnitor had undertaken to be liable, it is perfectly competent to show that fact by way of defense, and thus reduce the amount recoverable.

In my opinion the order appealed from was right, and should be affirmed, with $10 costs and disbursements.

CLARKE and DOWLING, JJ., concur.

INGRAHAM, P. J. (dissenting). I am unable to concur in the affirmance of this order. The plaintiff's assignor held a bond secured by a mortgage upon certain real property in the city of New York. On the 21st of July, 1906, the defendant duly issued and delivered a certain policy of insurance, whereby it insured Cecelia M. Siff for three years from the 13th of July, 1906, against all direct loss or damage by fire to the extent of $10,000 on the building situate upon the mortgaged premises. The assured was then the owner of the premises described in the policy, and Henry Gerken, plaintiff's assignor, held a mortgage upon the property. There was a mortgagee clause annexed to this policy whereby it is provided that loss or damage, if any, under the policy should be paid to the mortgagee as interest may appear, "and this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property." While this mortgage was in force and the amount due thereon, and on the 17th of October, 1908, a loss by fire occurred to the premises described in the policy, whereby the building thereon was damaged, and the defendant's proportion of said loss was about $3,500. A copy of this mortgagee clause was annexed to the defendant's answer and made a part thereof.

The defense to which the demurrer is interposed alleges that, after the issuance of the policy and prior to and at the time of the happening of the fire, the policy was null and void under its terms, provisions, and stiuplations, and of no effect as to the insured therein named; that prior to the commencement of the action the said Henry Gerken as mortgagee ceased to have any interest as mortgagee or otherwise in said premises or under said policy of insurance or under said mortgagee clause by reason of the fact that the mortgage debt secured by the said mortgage to said Gerken was fully paid, satis-

fied, and discharged, and that, as defendant is informed and believes, at the time of the alleged assignment or transfer to the plaintiff by said mortgagee the said mortgagee's interest had ceased and determined. It is not alleged that this mortgage had been fully paid, satisfied, and discharged at the time of the fire, and it is assumed by both counsel upon the argument that the payment there alleged resulted from a foreclosure and sale of the mortgaged premises after the fire, but before the commencement of the action. The question, therefore, is whether, under this mortgagee clause by the payment of the mortgage after the loss had been sustained and a cause of action had accrued in favor of the mortgagee as against the insurance company, such cause of action abated or was destroyed by the collection by the mortgagee of the amount due on the mortgage from the property remaining after the fire.

There can be no doubt, I think, that, after the fire, a cause of action did exist in favor of the mortgagee. He could have recovered by action the amount of his loss if the mortgage had not been enforced, and it would certainly have been no defense to such an action that the mortgaged premises were sufficient to satisfy the mortgage. The defendant had made its contract by which it had insured this property and had by a separate contract with the plaintiff's assignor agreed that the loss, if any, should be payable to him as mortgagee. He held the mortgage on the property at the time of the fire and under this mortgagee clause the loss was payable to him and the fire having damaged the property a cause of action existed in his favor against the insurance company under the policy of insurance. It was no defense to that action, as I view it, that subsequently the mortgagee was enabled to collect his mortgage from either the mortgagor or from the property. This mortgagee clause also contained a subrogation provision as follows:

"Whenever this company shall pay the mortgagee any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held so collateral to the mortgage debt, or may at its option pay to the mortgagee the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities, but no subrogation shall impair the right of the mortgagee to recover the full amount of his claim."

We may assume that the insurance company would be entitled on payment of the loss to the mortgagee to be subrogated to the right of the mortgagee to enforce the claim against the property or the mortgagor; but the enforcement of this claim was dependent upon the insurance company paying to the mortgagee the amount of the loss. The right of subrogation was no defense to the cause of action upon the policy, and, if the defendant wished to enforce this subrogation clause, it was necessary to pay the loss, and then demand of the mortgagee an assignment of the securities or property which he held at the time as security for the mortgage, and it may be, upon a proper pleading, that the defendant would be entitled to re-

ceive from the mortgagee the security or the substitute therefor that he had received, whether money or other property. But that would necessarily be in the nature of a counterclaim, and not as a defense to the obligation of the defendant which had become due and payable at the time of the fire.

I think, therefore, that the defense as pleaded is not a defense to the cause of action alleged in the complaint, and for that reason the demurrer to the defense should have been sustained.

McLAUGHLIN, J., concurs.