Sydney F. Foster, J.
Both, parties move for summary judgment in this action to recover $6,064.46 on fire insurance policies issued to the plaintiffs by the defendant insurance companies.
The facts are undisputed. The plaintiffs originally bought a house and lot at 17 Hickory Street, in Ellenville, Ulster County, on April 27,1955, and gave a purchase-money bond and mortgage secured by the premises to the Savings and Loan Association of Kingston in the amount of $7,900. The mortgage contained the usual covenant that ‘£ the mortgagor will keep the buildings on the premises insured against loss by fire with extended coverage against other hazards, for the benefit of the mortgagee, in amounts and in companies satisfactory to the mortgagee ’ ’. (See Real Property Law, § 254, subd. 4.)
On April 1, 1961 the plaintiffs purchased from the defendants the two policies of fire insurance that are the subject of this litigation. Each policy, naming the Kingston Savings and Loan Association as mortgagee, was for a one-year term in the amount of $6,000 and contained the New York standard mortgagee clause that “ [l]oss or damage, if any, under this policy shall be payable to the aforesaid mortgagee * * * as interest may appear* A (See Insurance Law, § 168.) Thereafter, on August *354 16, 1961, the plaintiffs sold the property to certain buyers who agreed, as part of the consideration for the purchase of the realty, to 11 assume and take title subject to a Bond and Mortgage * * * now a lien on said premises ”. On or about November 1, 1961 the property sustained a fire loss greater than the $6,064.46 owing to the mortgagee at that time.
It is this amount of $6,064.46 which the plaintiffs demand proportionately from the two defendant insurers, the plaintiffs having produced a letter, dated September 14, 1962, to the effect that the mortgagee assigns “ all right, title and interest into said insurance policy to Leonard and Edith Meyers, as this mortgage has been satisfied.” It is undisputed that the mortgage was in fact satisfied from the proceeds of other fire insurance policies, with standard mortgagee clauses, issued to the new owners (who had assumed the mortgage debt) upon their purchase of the premises.
Plaintiffs’ claim is that, since they remained personally obligated under the bond and mortgage upon the sale of the property, there was a fire loss to their insurable interest in the premises; and that by virtue of the assignment of the mortgagee’s interest in the proceeds of the policies which were in full force and effect, said proceeds, to the amount of the mortgage debt owing at the time of the fire, should be paid over to them. In analyzing this argument, I would agree with Judge Crane’s observation, in another context, in Savarese v. Ohio Farmers Ins. Co. (260 N. Y. 45, 50): “ At first blush this conclusion seems quite plausible, but upon further analysis must yield to other considerations.”
Basically, it is clear that the plaintiffs, still having an interest in the preservation of the property by reason of their continuing liability upon the bond and mortgage, had an insurable interest in the premises after the sale on August 16, 1961 (Waring v. Loder, 53 N.Y. 581, 585; Palisano v. Bankers & Shippers Ins. Co., 276 App. Div. 523, 526). Prior to the sale, the plaintiffs had procured fire insurance policies containing standard mortgagee clauses; following the sale, these policies became a duty on the part of the defendants, in the event of loss, to pay such loss to the mortgagee to the extent of the amount due on the mortgage (Palisano v. Bankers & Shippers Ins. Co., 276 App. Div. 523, 526, supra; Excelsior Fire Ins. Co. v. Royal Ins. Co., 55 N.Y. 343). Any such contractual duty or right of the parties, of course, became fixed at the time of the fire and of the loss on November 1,1961 (Savarese v. Ohio Farmers Ins. Co., 260 N. Y. 45, 54, supra). Since the plaintiffs produce an assignment of the mortgagee’s interests in the policies, whatever interests *355 possessed by the mortgagee under the policies at the time of the loss must govern the disposition of this suit (cf. Waring v. Loder, 53 N. Y. 581, 584, supra).
It is well settled that the standard mortgagee clause in a fire insurance policy creates independent insurance of the mortgagee’s interest just as if the mortgagee had received a separate policy from the insurer. (See, e.g., Savarese v. Ohio Farmers Ins. Co., 260 N. Y. 45, supra; Syracuse Sav. Bank v. Yorkshire Ins. Co., 301 N. Y. 403; Eddy v. London Assur. Corp., 143 N. Y. 311; Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141.) In the present case it is undisputed that the mortgagee’s interests were protected at the time of the loss by “ separate ” policies procured by the plaintiffs (as mortgagors) and the buyers (as owner-mortgagors). The identity of the interest insured, insofar as the mortgagee is concerned, however, was the same. (Cf. Smith v. Northern Ins. Co., 232 App. Div. 354; 31 N. Y. Jur., Insurance, §§ 1609, 1610.)
Under this reasoning, therefore, the mortgagee, having elected to receive the full benefits of the policies of the owner-mortgagors and its own interest having been satisfied, could not obtain a double recovery of the fire loss in the amount of the mortgage debt, particularly in violation of the standard apportionment clauses in plaintiffs’ policies. (See Lipsitz v. Union Ins. Soc., 149 Misc. 809; Brewer v. North River Ins. Co., 137 N. Y. S. 2d 909.) And it is elementary that the plaintiffs as assignees take subject to the same defenses that might be interposed against the mortgagee.
Accordingly, plaintiffs’ complaint must be dismissed and summary judgment should be entered in favor of the defendants, with costs. I do not pass upon any issue concerning contribution among the insurers.