FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF NIAGARA COUNTY, Respondent, v. ROBERT L. NICHOLS et al., Respondents, and MUTUAL INSURANCE COMPANY OF HARTFORD, Appellant.

Fourth Department, January 15, 1970.

*Hodgson, Russ, Andrews, Woods & Goodyear (Hugh McMillan Russ, Jr.,* of counsel), for appellant.

*Gellman & Gellman (Philip S. Gellman,* and *Bryant S. Kurtzman* of counsel), for First Federal Savings and Loan Association of Niagara County, respondent.

*Phelps, Gray, Mansour & Hewitt (Salem G. Mansour* and *Benjamin N. Hewitt* of counsel), for Robert L. Nichols and others, respondents.

WITMER, J. In this action by a mortgagee against two insurance companies and the title owners and tenant or contract-vendee of a dwelling to secure payment of the amount of fire loss to the property, defendant Mutual Insurance Company of Hartford (hereinafter referred to as Mutual) moved for summary judgment against its codefendant, Hartford Fire Insurance Company (hereinafter referred to as Hartford), declaring that the latter is liable to the plaintiff mortgagee for the fire loss under the insurance policy it wrote upon the property subsequent to the policy issued thereon by Mutual. The court denied the motion, but made further dispositions described below.

Defendants Gold and Murphy (hereinafter referred to as G and M) were home builders on subdivision property owned by their corporation, and in September, 1965 they contracted in writing in the name of their corporation to sell a home to Robert and Terry Nichols (hereinafter referred to as Nichols) for the sum of $24,500, "subject to [Nichols] obtaining a satisfactory mortgage". Nichols did not make the specified down payment and could not get a mortgage. G and M arranged to refinance the mortgage which existed on the property, and in connection therewith their corporation conveyed the property to them personally, and they executed a mortgage thereon to the plaintiff Loan Association in January, 1966. At that time they obtained a fire insurance policy on the property from Mutual, and a standard New York State mortgage clause was attached thereto running to plaintiff, and the policy was delivered to the plaintiff. G and M then made a new oral agreement to sell the property to Nichols for the sum of $22,500 and permitted Nichols to go into occupancy thereof in March, 1966, but they never gave him a deed. It appears that Nichols agreed to make the monthly mortgage payments to plaintiff on the property and did make five of them. On March 30, 1966 he obtained from Hartford a policy of fire insurance on the property, naming Nichols as owner, with a standard New York mortgage clause attached in favor of plaintiff, and delivered it to plaintiff. Thus, plaintiff was holding two policies of fire insurance on the property, each indicating a different owner.

On June 17, 1966 a fire occurred causing nearly $12,000 damage to the property. Plaintiff duly filed proof of loss with each company, that is, with Mutual and Hartford, and they each refused to pay. Plaintiff then began this action against G and M, Nichols, Mutual and Hartford. Nichols defaulted. G and M answered, setting forth their insurance policy with Mutual and demanding dismissal of the complaint as against them and that judgment for plaintiff be awarded against Mutual. Mutual answered and asserted that because of change of ownership and occupancy of the property without notice to it, the policy is null and void, that the risk of loss had shifted from G and M to Nichols, that plaintiff should have judgment against Hartford as the insurer of Nichols and that the complaint should be dismissed as against it, or if it is held liable, that Hartford should be held liable with it. Hartford answered demanding dismissal of the complaint as against it and that judgment be made determining that Mutual as insurer of G and M is obligated to pay the loss.

In denying Mutual's motion for summary judgment the court made an order containing six ordering paragraphs. In the first, Mutual's motion for dismissal of the complaint against plaintiff was denied. In the second, Mutual's motion to dismiss the cross claim of G and M against it was denied. In the third paragraph plaintiff's complaint against Hartford was dismissed without costs; and plaintiff has not appealed therefrom. In the fourth ordering paragraph Mutual's motion for summary judgment upon its cross claim against Hartford was denied, and the cross claim was dismissed. In the fifth and sixth ordering paragraphs judgment was awarded in favor of plaintiff against G and M and Mutual in the sum of $11,659, plus interest from July 1, 1967 and costs, and in favor of G and M against Mutual in like amount. Judgment was entered only upon the fifth ordering paragraph, that is, in favor of plaintiff against G and M and Mutual in the sum of $12,681.11, principal, interest and costs. Mutual appeals from the order in its entirety and from the judgment.

Factual issues exist as to what the relationship was between G and M as title owners and Nichols as occupant of the property. Contentions that Nichols was a contract-vendee in possession with an insurable interest have support in the record, as do contrary contentions that Nichols was merely a tenant. We do not believe that a resolution of those issues is essential to a determination of the rights of plaintiff as against Mutual and G and M nor of G and M as against Mutual.

The standard New York mortgage clause attached to each policy provides in part that " this insurance, as to the interest of the mortgagee * * * shall not be invalidated * * * by any change in the title or ownership of the property " (11 NYCRR § 63.1 [a] [1], [2]). It further provides " that the mortgagee * * * shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee * * * and * * * the mortgagee * * * shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

This mortgage clause created independent insurance of the plaintiff mortgagee's interest in said property (*Syracuse Sav. Bank* v. *Yorkshire Ins. Co.*, 301 N. Y. 403, 407). Moreover, even if G and M had entered into a binding contract to sell the property to Nichols, that would not constitute a change of interest so as to relieve Mutual from its policy obligations to either G and M or the plaintiff (Insurance Law, § 170; *Rosenbloom* v. *Maryland Ins. Co.*, 258 App. Div. 14).

Thus, Mutual remains liable to the plaintiff and G and M unless an " increase of hazard " resulted from Nichols being admitted into occupancy of the house. As a new house, presumably it was vacant at the time Nichols began to occupy it. It appears that in the normal case insurers deem a vacant house a greater risk than one which is occupied, and special provision is made in a standard fire insurance policy for vacant premises (Insurance Law, § 168, subd. 6, second page, lines 33–35). Presumably, therefore, the risk of loss was diminished by Nichols entering into possession of this property. But we need not speculate in that regard. The burden is upon the insurer, Mutual, to allege and prove that an increase of hazard occurred by reason of Nichols' occupancy of the property; and a mere allegation of a change of occupancy is insufficient to raise an issue of increased hazard (*Ampersand Hotel Co.* v. *Home Ins. Co.,* 198 N. Y. 495, 498; *Sebring* v. *Firemen's Ins. Co. of Newark,* 227 App. Div. 103, 104; Insurance Law, § 150, subd. 2; 2 NY PJI 972). Mutual has presented no fact on this motion for summary judgment to raise an issue of increase of hazard (see *Shapiro* v. *Health Ins. Plan,* 7 N Y 2d 56, 63).

We conclude, therefore, that Special Term was correct in granting summary judgment to plaintiff against Mutual and G and M and to G and M on their cross claim against Mutual.

Special Term was also correct in denying Mutual's motion for summary judgment on its cross claim against Hartford, but for a different reason than apparently motivated the court. We find that questions of fact exist as to the relationship between G and M and Nichols, to wit, was Nichols a tenant or a contract-vendee, did he have an insurable interest in the property, does his policy constitute " other insurance ", and is Mutual entitled to have Hartford bear part of the loss because of the policy issued to Nichols? For this reason it was error for Special Term to dismiss Mutual's cross claim against Hartford.

The fourth ordering paragraph of the order appealed from should, therefore, be modified by striking therefrom the words " and said cross claim is hereby dismissed ", and as so modified said paragraph and the entire order so far as appealed from should be affirmed and the judgment appealed from should be affirmed, with costs to the plaintiff.

GOLDMAN, P. J., MARSH, GABRIELLI and BASTOW, JJ., concur.

Judgment unanimously affirmed. Order unanimously modified in accordance with the opinion herein, and as so modified affirmed, with costs to plaintiff.