LAWRENCE M. MURPHY, Respondent, v AETNA INSURANCE COMPANY, Appellant, et al., Defendant.

Fourth Department, November 4, 1983

**APPEARANCES OF COUNSEL**

*Miles, Cochrane, Grosse, Rossetti & Chelus, P. C. (Arthur A. Herdzik* of counsel), for appellant.

*Serotte, Harasym, Reich & Goldstein (William Trask* and *Bruce A. Goldstein* of counsel), for respondent.

*Dixon & DeMarie, P. C. (Joseph DeMarie* of counsel), for Royal Globe Ins. Co., defendant.

**OPINION OF THE COURT**

BOOMER, J.

May the assignee of the rights of a chattel mortgagee named in a fire insurance policy recover for fire damage to the mortgaged chattels where the assignee has paid the mortgage debt? Here, the plaintiff assignee sued the defendants, insurance companies, and the defendants moved for summary judgment dismissing the complaint. Special

Term, finding an issue of fact, denied the motion and defendant, Aetna Insurance Company, appeals.

Plaintiff is the sole stockholder of Top Choice Foods, Inc., which operated a grocery store. Top Choice was the named insured in a fire insurance policy issued by the defendant Aetna, which insured the contents of the store. Tripi Foods, Inc., a wholesale food broker, sold groceries to Top Choice on credit and, as security for the outstanding balance, Top Choice gave Tripi a chattel mortgage on the contents of the store and caused Tripi to be named as "loss payee" in the mortgage clause of the fire insurance policy. Also as security for Top Choice's debt, the plaintiff cosigned a note payable to Tripi and gave Tripi a second mortgage on his residence.

Fire broke out at the store and destroyed the contents. Top Choice was unable to recover its loss under the fire insurance policy because the policy had been canceled for nonpayment of premiums, and it defaulted on its debt to Tripi. Faced with the prospect of losing his residence, plaintiff paid Tripi the amount owed by Top Choice and took an assignment of Tripi's rights under the fire insurance policy.

Plaintiff claims that, as against Tripi, the cancellation of the policy was not effective because defendant Aetna neglected to send Tripi a notice of cancellation. Defendant Aetna contends that Tripi, as a "loss payee" under the policy, was not entitled to notice of cancellation (see *Dyer v Great Eastern Ins. Co.*, 41 AD2d 581). Plaintiff rejoins, however, that Tripi was not merely a "loss payee" but was a mortgagee, entitled to notice under the mortgage clause contained in the New York State standard fire insurance policy (Insurance Law, § 168, subd 5). The first part of that clause (standard fire policy, p 2, lines 68-72) provides: "If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten days' written notice." The policy issued by Aetna to Top Choice Foods, Inc., insured the contents of the grocery store and contained the printed notation: "Mortgage Clause: Subject to the provisions of the mortgage clause attached hereto, loss, if any, on build-

ing items, shall be payable to:" Immediately following was typewritten: "Loss Payee: Tripi Food, Inc., 1427 William St. Box 1107, Buffalo, New York." The court found these notations to be ambiguous and determined that a question of fact existed since "[t]he parties may or may not have intended said loss payee to assume all the statutory rights of a mortgagee including notice of cancellation."

We find it unnecessary to decide whether Tripi should have received notice of cancellation. Assuming that Tripi is entitled to be treated as a "mortgagee" under the terms of the policy, neither Tripi nor plaintiff, as assignee, may recover because the debt owed to the mortgagee, Tripi, has been paid and discharged (see *Whitestone Sav. & Loan Assn. v Allstate Ins. Co.,* 28 NY2d 332; *Heilbrunn v German Alliance Ins. Co.,* 150 App Div 670; *Meyers v Norwich Union Fire Ins. Soc.,* 47 Misc 2d 353). The standard mortgage clause in a fire insurance policy creates a separate contract between the insurer and the mortgagee in which the owner has no interest (1 Jones, Mortgages [8th ed], § 506; *Heilbrunn v German Alliance Ins. Co.,* 150 App Div 670, 671, *supra; Meyers v Norwich Union Fire Ins. Soc.,* 47 Misc 2d 353, 355, *supra*). The contract with the mortgagee is one of indemnity and is measured by the amount of loss incurred by the mortgagee. The insurable interest of the mortgagee in the property extends only to the amount of the mortgage debt and where the mortgage has been paid and the debt satisfied, whether before or after the fire, the mortgagee suffers no loss and no longer has an insurable interest in the property (*Heilbrunn v German Alliance Ins. Co.,* 150 App Div 670, 672, *supra*). Here, since Tripi had been paid and thus suffered no loss, it was not entitled to payment from the insurer under the policy. Plaintiff, as assignee of the insurance policy, has no greater right than his assignor, Tripi.

Plaintiff cannot claim that his payment to Tripi did not discharge the mortgage and satisfy the debt, but acted only as assignment of the mortgage and debt to him. At an examination before trial he testified that he "satisfied the indebtedness to Tripi Foods". Moreover, there is no showing that he took an assignment of the chattel mortgage or the debt it secured. Absent a formal assignment, a mort-

gage or mortgage debt may be kept alive after payment in full to the mortgagee under the principles of subrogation or equitable assignment (*Arnold v Green,* 116 NY 566, 571), but those principles have no application here. Although the doctrine of subrogation or equitable assignment applies where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor (57 NY Jur, Subrogation, § 4), it will not apply where it will adversely affect the rights of a party having a superior claim (57 NY Jur, Subrogation, § 14). Here, the defendant Aetna has the superior claim to be subrogated to the rights of the mortgagee.

Aetna derives its right of subrogation from the second part of the mortgage clause in the policy, which provides: "If this company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all of the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage." Under this clause, if Aetna had paid the fire loss to Tripi, it would have been subrogated to all of Tripi's rights to collect the mortgage debt, including the right to sue plaintiff on the note he cosigned and to foreclose the lien of the mortgage on his residence. Thus, Aetna, if it had paid the mortgagee, could have collected the mortgage debt from plaintiff just as did the mortgagee.

The case of *Home Ins. Co. v Bishop* (140 Me 72) illustrates this right of the insurer, as subrogee, to proceed against persons, other than the mortgagor, liable for the mortgage debt. There, defendant, Bishop, was an accommodation indorser on a note given by the O'Rileys for the balance of the purchase price of an automobile. The O'Rileys deliberately set fire to the automobile and were thereby precluded from recovering under the automobile insurance policy issued by plaintiff, Home Insurance Company, which provided coverage for loss by fire. After the fire, Home Insurance Company paid Commercial Credit Corporation, the holder of the note and of the security interest in the automobile, for its loss as mortgagee. The policy contained a mortgage clause similar to that contained in the

New York standard fire insurance policy and, as required by the subrogation provision of that clause, Commercial Credit Corporation, the mortgagee, assigned the security interest in the automobile, together with the note indorsed by Bishop, to plaintiff, Home Insurance Company.

Home Insurance Company sued Bishop on the note. The court dismissed the complaint holding that Home Insurance Company was entitled to be subrogated to all of the rights of the mortgagee against the mortgagors, the O'Rileys, but not against defendant, Bishop, the accommodation indorser of the note. On appeal, the Supreme Judicial Court of Maine reversed, stating that the right of subrogation stated in the policy was essentially the same as that arising by operation of law; that under the law of subrogation, the insurance company was substituted for the mortgagee and was entitled to all of the remedies available to the mortgagee, including the right to sue Bishop, as indorser of the note. Quoting from Ruling Case Law (vol 25, Subrogation, § 10) the court wrote (140 Me, at p 78): " 'The right of subrogation is not restricted to the remedies which the creditor had against the principal debtor but extends to all the remedies which he had against the principal and others liable for the debt.' Citing *American Bonding Co.* v. *National Mechanics Bank,* 97 Md., 598, 55 A. 395, 99 A. S. R. 466 and note. See also 13 Ann. Cas. 429."

Here, under the principles of subrogation, if Aetna had paid the fire loss to Tripi, it could have proceeded against plaintiff on the note he signed for the accommodation of his corporation, Top Choice, and it could also have instituted an action to foreclose the lien of the mortgage on his residence. Thus, the right of the defendant Aetna to subrogation is superior to that of the plaintiff and, under these circumstances, plaintiff can claim no right to equitable assignment or subrogation.

Instead of discharging the debt owing by his corporation to Tripi, plaintiff might have kept the debt alive by taking an assignment of the chattel mortgage and of the debt it secured. This, however, would have been to no avail. In order to recover under the insurance policy, the plaintiff would be compelled to comply with the subrogation provisions of the insurance policy by assigning to the insurer the

chattel mortgage, together with all of the remedies the mortgagee, Tripi, had against the mortgagor, Top Choice Foods, and against "others liable for the debt," which "others" would include the plaintiff, who had cosigned the note for the mortgage debt. Thus, any money owing by defendant Aetna to plaintiff under the policy would be offset by the amount of plaintiff's obligation on the note. It would not be necessary for defendant Aetna to admit its liability and then counterclaim against plaintiff for a like amount (see *Heilbrunn v German Alliance Ins. Co.,* 150 App Div 670, 672, *supra*).

In summary, plaintiff has no cause of action under the mortgage clause of the fire insurance policy. As assignee of the policy it has no greater rights than its assignor, Tripi, and Tripi, as mortgagee, had no rights under the policy because the mortgage debt was satisfied and thus it suffered no loss. Nor can plaintiff claim that the debt should be kept alive under the principles of equitable assignment or subrogation since the defendant Aetna has the superior right of subrogation. Accordingly, the order should be reversed and the complaint dismissed.

DILLON, P. J., DOERR, O'DONNELL and SCHNEPP, JJ., concur.

Order unanimously reversed, with costs, motion granted, and complaint dismissed as against defendant Aetna Insurance Company.