ALEXANDER VILAGY et al., Respondents, v ASSOCIATED MUTUAL INSURANCE COMPANY, Appellant.

Fourth Department, April 26, 1991

## APPEARANCES OF COUNSEL

*Hurwitz & Fine, P. C. (James Gauthier* of counsel), for appellant.

*Garvey, Garvey & Sonnelitter,* and *Robert G. Sillars (Mark Sonnelitter* of counsel), for respondents.

## OPINION OF THE COURT

LAWTON, J.

This appeal presents a novel issue not directly decided by any New York court, viz., what interest, if any, does a named mortgagee have under a policy of fire insurance when the named insured is other than the owner-mortgagor?

The material facts are not in dispute. On May 14, 1981, Daniel Zielinski took title to premises located at 1271 Abbott Road in Lackawanna, New York. On that date Mr. Zielinski executed and delivered to the plaintiffs, Alexander Vilagy, Lester Vilagy and Elizabeth Molnar, a note and mortgage on the premises in the amount of $113,000.

On November 28, 1984, C. A. Walker Corporation, an agent of defendant, Associated Mutual, received an application for insurance on the premises from a broker, J. W. Rigley Company. The application reflects that the name of the insured was to be "JSZ Enterprises, Inc., D/B/A Danny Boy's". Plaintiffs alleged in their complaint that JSZ Enterprises, Inc. was a closed corporation and Daniel Zielinski was the principal stockholder and chief operating officer of that corporation.

On March 13, 1985, defendant, Associated Mutual, issued a special multiperil insurance policy for the period January 2, 1985 to January 2, 1988 covering the premises at 1271 Abbott Road with a $140,000 limit of liability. The policy declaration page states that "JSZ Enterprises, Inc. D/B/A Danny Boy's"

is the named insured. Plaintiffs are listed as mortgagees on the policy and the policy contains the standard mortgage clause.

On November 3, 1987, the building and fixtures located at 1271 Abbott Road were destroyed by fire. The owner of the property at the time of the fire was still Daniel Zielinski. Plaintiffs demanded payment from defendant under the policy for their losses sustained as mortgagees and submitted sworn statements in proof of loss. By letter dated June 1, 1988 defendant, through its attorney, denied payment, stating in pertinent part:

"The Associated Mutual policy which was in effect at the time of the fire insures the interest of JSZ Enterprises, Inc. d/b/a Danny Boy's.

"The owner of the building and the party with whom your clients entered into a mortgage was Daniel Zielinski.

"Daniel Zielinski is not insured under the Associated Mutual Policy".

Plaintiffs commenced the present action against defendant for $116,581.31, their interest in the premises as mortgagees. Plaintiffs subsequently moved for summary judgment on the issue of breach of the contract of insurance. In a cross motion defendants sought an order limiting the maximum amount recoverable by plaintiffs to the value of the month-to-month tenancy of the named insured, JSZ Enterprises, Inc. doing business as Danny Boy's.

Supreme Court, without a writing, granted plaintiffs' motion, denied defendant's cross motion and ordered an immediate hearing "to assess and determine the amount of damages due and owing to plaintiffs for the relief demanded in the complaint". At Supreme Court and on appeal plaintiffs rely upon the line of cases that hold that a mortgagee named in a fire insurance policy has an interest apart from the named insured-mortgagor as if there existed two separate policies *(see, e.g., Syracuse Sav. Bank v Yorkshire Ins. Co.,* 301 NY 403, 407; *see also, Reed v Federal Ins. Co.,* 71 NY2d 581, 589; *Murphy v Aetna Ins. Co.,* 96 AD2d 99, 101). Those cases, however, are inapplicable to the present case because they deal solely with the respective rights of the owner-mortgagor and the lender-mortgagee under Insurance Law § 3404. That section provides protection to a mortgagee against loss of insurance coverage by reason of the acts of the named insured owner-mortgagor *(see, Agriculver Profit Sharing Plan v Dryden Mut. Ins. Co.,* 145 AD2d 811).

■ Here, we are not dealing with any acts of the owner-mortgagor. Indeed, the owner-mortgagor is not a named insured and has no rights under the policy as written. Further, no mortgagor-mortgagee relationship exists between the named insured tenant and the plaintiffs. Therefore, the protection afforded to a mortgagee under the mortgage protection clause of the policy does not apply.

The amount recoverable under a fire insurance policy is limited by the insurable interest of the named insured. Insurance Law § 3401 provides: "No contract or policy of insurance on property made or issued in this state, or made or issued upon any property in this state, shall be enforceable except for the benefit of some person having an insurable interest in the property insured. In this article, 'insurable interest' shall include any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage." *(See also, Etterle v Excelsior Ins. Co.,* 74 AD2d 436, 438; *Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, *affd* 49 NY2d 924.)* Implementing the limitation of liability is the policy's standard form fire policy endorsement which states: "[The company's liability is limited] to an amount not exceeding the limit of liability specified in the Declarations * * * to the extent of the actual cash value of the property at the time of the loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss * * * *nor in any event for more than the interest of the insured against all direct loss by fire"* (emphasis added).

■ To hold that plaintiffs mortgagees are entitled to recover the full amount of their loan, while the tenant-named insured is entitled to a far less recovery, would violate the above principle. A named mortgagee can never possess an insurable interest greater than that of the named insured. To permit such a result would change the policy from one of indemnity to one of a wagering contract *(see, Scarola v Insurance Co.,* 31 NY2d 411, 413).

There is an additional reason why defendant should not be held liable to the full extent of the mortgage as a matter of law. Here, the insurer dealt solely with the tenant. There is nothing in the record to show that the named mortgagee was a mortgagee of the owner, as opposed to a mortgagee of the tenant for improvements owned by the tenant. An insurer

ought to know with whom it is dealing and just whose interest is being protected. This is important to an insurer in making the determination whether it wishes to accept the risk. There is nothing in this record to show that the owner's rights were to be protected directly or indirectly under the policy of insurance. The owner, who is the person principally at risk in this case, could have taken out a policy of insurance that protected his interests as well as those of his mortgagees. For some unknown reason, he chose not to. Plaintiffs-mortgagees, as part of the terms of the mortgage, required the owner-mortgagor to provide them with an insurance policy that protected both the owner-mortgagor and their rights as mortgagees. For over two years they had in their possession a policy that failed to satisfy the requirements of the terms of the mortgage, yet did nothing to correct the error. Because the plaintiffs failed to correct the error, they should not now be heard to complain (see, Leavitt-Berner Tanning Corp. v American Home Assur. Co., 129 AD2d 199, lv denied 70 NY2d 609). There is no compelling reason to require the defendant to pay the balance of the mortgage merely to correct the errors of the parties to the mortgage.

Two cases lend support to the conclusion that plaintiffs are not entitled to a full recovery of their loss. The first is Christopher & John, Inc. v Maryland Cas. Co. (484 F Supp 609 [SD NY 1980]). In a very similar factual situation, the District Court was called upon to decide whether the owner's mortgagee or the owner's tenant was entitled to the proceeds of a fire insurance policy deposited into court. In Christopher the original policy was taken out by the owner-mortgagor and on renewal the corporate tenant was substituted as the named insured. In deciding the interest of each party under the policy as written, the court stated: "The effect of the standard mortgage clause, then, is simply to ensure that the mortgagee will not lose the protection accorded it by the policy because of acts or omissions of the insured that defeat *its* rights under the policy. Here, however, there is no question of the insureds being in default on the policy—the question, rather, is who was the insured at the time of the fire. If it was Wallis [the owner], then First Vermont has an interest protected by the standard mortgage clause; if it was Christopher and John [tenant], it has none." (Christopher & John, Inc. v Maryland Cas. Co., supra, at 611.) This directly supports defendant's position because here the tenant, and not the owner, was at all times the named insured.

The second case is *First Fed. Sav. & Loan Assn. v Nichols* (33 AD2d 259). There, First Federal Savings and Loan Association was named as a mortgagee on two policies; one obtained by the tenants, Robert and Terry Nichols, with The Hartford Fire Insurance Co., and one obtained by the owners, Gold and Murphy, with The Mutual of Hartford. Hartford Fire Insurance Co.'s motion for summary judgment dismissing the mortgagee's claim against it was granted by Special Term and no appeal was taken by the mortgagee.

On appeal, this court considered in part whether The Mutual of Hartford had a valid cross claim for contribution against The Hartford as a coinsurer. Justice Witmer, in an opinion that modified Supreme Court's order of dismissal, stated that questions of fact existed whether the Nichols really were tenants or contract vendees. The implication is clear that if the Nichols were found to be tenants, as is the insured here, there was no coverage, but if they were found to be contract vendees, then they had an insurable interest in the policy against which the mortgagee had a right to recover.

For these reasons, that portion of the order of Supreme Court which granted plaintiffs summary judgment should be reversed. Supreme Court's denial of defendant's motion was proper, however, as factual questions exist with respect to plaintiffs' rights to recover on their equitable actions for reformation and unjust enrichment *(see, e.g., Crivella v Transit Cas. Co.,* 116 AD2d 1007).

DOERR, J. P., BOOMER, BALIO and DAVIS, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by LAWTON, J.