**In re Paul M. BARRON, Debtor.**

**No. 03–32004–DHW.**

United States Bankruptcy Court, M.D. Alabama.

April 15, 2005.

T. Randolph Harrold, Montgomery, AL, for Debtor.

## MEMORANDUM OPINION

DWIGHT H. WILLIAMS, Bankruptcy Judge.

Green Tree–AL, L.L.C. (hereinafter "Green Tree") filed a motion on December 27, 2004 to reconsider an order entered in the chapter 13 case of Paul M. Barron (hereinafter "debtor") dated December 21, 2004 (Doc. # 33). The order conditionally terminated the automatic stay to permit Green Tree to enforce its lien on the debtor's mobile home if the debtor failed to provide proof of insurance by December 23, 2004 or to maintain insurance coverage thereafter.

Green Tree seeks to modify the order to provide, in addition, for reimbursement of $836.06 in premiums for force-placed hazard insurance and $425 in attorney fees and costs.[1] The debtor does not contest Green Tree's claim for attorney fees and costs.

An evidentiary hearing on the motion to reconsider was held on April 4, 2005. At the hearing the debtor was represented by his counsel, T. Randolph Harrold, and Green Tree was represented by its counsel, Kristen P. Southworth.

### Jurisdiction

The court's jurisdiction in this dispute arises from 28 U.S.C. § 1334 and from the United States District Court for this district's general order of reference of title 11 matters to this court. Further, because the issue here concerns a claim against the bankruptcy estate, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) thereby extending the court's jurisdiction to the entry of a final order or judgment.

### Factual Findings

The debtor filed this chapter 13 case on July 1, 2003 and listed Conseco Finance Corp. (Green Tree's predecessor-in-interest) as a secured creditor. The Green Tree debt of approximately $32,000 is secured by the debtor's 1995 Southern Energy mobile home which the debtor valued at $15,000 in Schedule D.

The debtor's plan was confirmed on September 10, 2003 (Doc. # 13). The confirmed plan provides for payment of the prepetition arrearage (approximately $4,600) through the chapter 13 trustee. The plan provides for postpetition payments directly to Green Tree outside the chapter 13 trustee.

Shortly after filing the chapter 13 case, the debtor purchased physical damage insurance on the mobile home from National Security Fire & Casualty Company (hereinafter "National Security") naming Green Tree as loss payee. The policy insured the home for $15,000 and became effective July 4, 2003. Up until that time, the debtor had insured the mobile home through an insurance company that regularly insures the properties of Green Tree's customers.[2]

---

1. The December 21 order followed a hearing held on December 13, 2004. At that hearing, the parties acknowledged that Green Tree may be entitled to reimbursement of premiums for force-placed hazard insurance. However, the amount due could not be calculated until other information was gathered. The parties predicted that the amount to be reimbursed would be relatively small and could be paid by the debtor directly to Green Tree.

2. Mary Ann Brown, an account representative for Green Tree, testified that the debtor had purchased the prepetition insurance through one of a handful of insurers that frequently insure the properties of Green Tree customers.

The debtor testified that he gave notice of the new policy to Green Tree. The debtor allegedly faxed a copy of the National Security policy declaration page (Exhibit D–1) to Green Tree and notified Green Tree by telephone of the new insurance policy as well as his desire that the prior insurance be cancelled.

Green Tree denies receiving notice. Mary Ann Brown, Green Tree's account representative, testified that no one at Green Tree knew about the National Security policy until May 20, 2004, almost a year later. Upon learning of the reduction in coverage, Green Tree wrote the debtor advising him that it deemed the coverage unreasonable. Green Tree stated its intention to force-place insurance if the debtor failed to obtain additional coverage.[3]

Green Tree considers insurance coverage unreasonable for any amount less than the principal balance of the loan. Green Tree contends that the following provision of the contract authorizes its conclusion:

> 11. INSURANCE: I will keep the Manufactured Home insured against such risks and in such amounts as you may reasonably require with an insurance company satisfactory to you.

Exhibit C–A; Manufactured Home Retail Installment Contract and Security Agreement, ¶ 11.

Green Tree force-placed insurance on the debtor's mobile home with coverage in the amount of the principal balance, approximately $32,000.[4] This coverage became effective on May 21, 2004 and resulted in an $836.06 premium which Green Tree paid.

## Conclusions of Law

The question presented here is whether Green Tree's claim for reimbursement of force-placed hazard insurance premiums is allowable. The ultimate issue, however, is whether Green Tree may properly obtain hazard insurance coverage in the amount of the principal balance when that balance exceeds the value of the collateral.

■■■ A properly filed proof of claim constitutes prima facie evidence of both the validity and amount of the claim. *See* Fed. R. Bankr.Proc. 3001(f). Therefore, the objecting party has the burden of producing evidence sufficient to meet the evidentiary weight accorded to the claim under the Rules. Although there is a shifting burden of proof in a claims contest, the ultimate burden of persuasion rests upon the creditor. *In re Allegheny Int'l, Inc.,* 954 F.2d 167 (3rd Cir.1992).

■■ Under Alabama law, mortgage agreements are enforced as written barring some contravention of public policy. This principle was applied by the Alabama Supreme Court in a case where the mortgagee force-placed hazard insurance in an amount less than both the value of the property and the balance of the indebtedness. *Hampton v. Gulf Fed. Sav. & Loan Ass'n,* 287 Ala. 172, 249 So.2d 829 (1971). The property burned after the mortgagee commenced foreclosure proceedings.

In that case, the mortgage required the mortgagor "[t]o continuously maintain hazard insurance, of such type or types and *amounts as [the] Mortgagee may from time to time require.*" *Id.,* 249 So.2d at 830 (emphasis in original). The Court opined:

---

3. The debtor acknowledges receiving correspondence from Green Tree but insists that he did not appreciate that there was dissatisfaction with the insurance coverage.

4. Mary Ann Brown testified that Green Tree does not provide "excess" insurance coverage. If a customer's insurance is insufficient, Green Tree force-places for the full amount.

Here, the language of the mortgage confers upon the mortgagee complete discretion pertaining to the amount of insurance and the right to change such amount "from time to time." Therefore, this court holds that under the language of the mortgage, [the mortgagee] was under no duty to keep insurance on the mortgaged property in the amount previously maintained.

*Id.* at 176–77, 249 So.2d at 833.

In another Alabama case, the mortgagor sued the mortgagee for having force-placed hazard insurance for the value of the collateral where the value vastly exceeded the principal balance of the loan. *Custer v. Homeside Lending, Inc.*, 858 So.2d 233 (Ala.2003). Again, looking to the contract and applying the rule in *Hampton,* the Court concluded that the mortgagee "did not breach the terms of the mortgage agreement between it and the Custers by force-placing flood insurance in an amount that exceeded the outstanding principal on the Custers' loan." *Id.* at 247. That agreement left the amount of the insurance to the discretion of the mortgagee.

■ In neither of the above cases, however, did the force-placed hazard insurance exceed the value of the collateral insured. Indeed, Alabama law limits an insurable interest in property to the extent to which the insured might be damaged "by loss, injury or impairment" of the property. *Ala.Code* § 27–14–4 (1975). An insured would not be damaged beyond the value of the property insured.

■ In the instant case, should the debtor's mobile home be totally lost, the creditor's recovery from the hazard insurer would be limited to the value of the mobile home at the time of the loss. *See* 44 Am.Jur.2d *Insurance* § 951 (2004); *Sotelo v. Washington Mut. Ins. Co.,* 734 A.2d 421, 423 (Pa.Super.Ct.1999) ("a mortgagee's insurable interest cannot exceed the value of the property subject to the mortgage"); *Vilagy v. Associated Mut. Ins. Co.,* 165 A.D.2d 616, 619, 569 N.Y.S.2d 292 (App.Div.1991) ("[a] named mortgagee can never possess an insurable interest greater than that of the named insured").

Green Tree did not introduce any evidence of the value of the mobile home. The debtor listed the value of the mobile home in the bankruptcy schedules at $15,000. The creditor did not challenge this amount at the evidentiary hearing. Therefore, the value, and hence the creditor's insurable interest in the property, is deemed to be $15,000.

■ The debtor's contract with Green Tree required him to insure the mobile home against risks (hazard) in such amount as Green Tree may "reasonably require." He did so by insuring the mobile home for its $15,000 value. For the reasons stated, the court concludes that it was unreasonable for Green Tree to force-place hazard insurance on the mobile home in any amount because the debtor had insured home in accordance with the contract.[5]

Accordingly, a separate order consistent with this memorandum opinion will enter disallowing $836.06 of Green Tree's claim representing force-placed hazard insurance premiums. However, with the consent of the debtor, Green Tree's claim may include $425 for attorney fees and costs incurred in bringing its motion for relief from stay.

---

5. It is important to note that the contract with Green Tree required the debtor to maintain only property insurance. The contract did not require credit or mortgage insurance which would insure the indebtedness instead of the collateral.

## ORDER ON MOTION TO RECONSIDER

In accordance with the Memorandum Opinion entered this day, it is hereby

ORDERED that the motion to reconsider filed by Green Tree–AL, L.L.C. is GRANTED in part and DENIED in part.

Green Tree may amend its claim to include $425 for attorney's fees and costs incurred in connection with its motion for relief from the automatic stay.

The motion is DENIED with respect to Green Tree's request for reimbursement of $836.06 for forced-place hazard insurance premiums.